## UNITED STATES v. RICHARDS.

### Circuit Court of Appeals, Eighth Circuit. June 13, 1928.

### No. 7977.

1. **Internal revenue** ⟜38(11)—**Indian, suing for income taxes on royalties for oil from allotted lands, must plead and prove timely presentation of claim for refund (26 USCA §§ 156, 157; Act June 28, 1898 [30 Stat. 495, 507]; Act July 1, 1902 [32 Stat. 641, 642]).**

Under Rev. St. §§ 3226, 3228 (26 USCA §§ 156, 157), Indian, suing for income taxes paid on royalties for oil produced from lands allotted to him, which were exempt from taxation under Act June 28, 1898 (30 Stat. 495, 507), and Act July 1, 1902 (32 Stat. 641, 642), must plead and prove that he presented claim for refund to Commissioner of Internal Revenue within four years after payment of tax.

2. **Internal revenue** ⟜38(7)—**Indian, not presenting claim for income tax refund within statutory time, held not entitled to recover taxes as ward of United States (Act June 28, 1898 [30 Stat. 495, 507]; Act July 1, 1902 [32 Stat. 641, 642]; 26 USCA §§ 156, 157; Act May 27, 1908 [35 Stat. 312]; 8 USCA § 3).**

Indian, not presenting to Commissioner of Internal Revenue claim for refund of income

taxes on royalties for oil produced from allotted lands, exempt from taxation under Act June 28, 1898 (30 Stat. 495, 507), and Act July 1, 1902 (32 Stat. 641, 642), within four years after payment, as required by Rev. St. §§ 3226, 3228 (26 USCA §§ 156, 157), *held* not entitled to recover them on ground that relation of ward and guardian existed between him and United States, in view of Act May 27, 1908 (35 Stat. 312), removing all restrictions on voluntary disposal of allotment, and Act Feb. 8, 1887, § 6, as amended by Act March 3, 1901 (8 USCA § 3), declaring him a citizen of United States.

3. Internal revenue ⬡⟾38(7)—Indian, not presenting claim for income tax refund within time required, held not entitled to recover taxes as member of Choctaw Tribe (Act June 28, 1898 [30 Stat. 495, 507]; Act July 1, 1902 [32 Stat. 641, 642]; 26 USCA §§ 156, 157).

That Indian, not filing with Commissioner of Internal Revenue claim for refund of income taxes on royalties paid him for oil produced from allotted lands, exempt from taxation under Act June 28, 1898 (30 Stat. 495, 507), and Act July 1, 1902 (32 Stat. 641, 642), as required by Rev. St. §§ 3226, 3228 (26 USCA §§ 156, 157), to recover amount thereof, was member of Choctaw Tribe, does not authorize court to ignore noncompliance with such requirement, as statute makes no exception, based solely on taxpayer's racial status or relation.

In Error to the District Court of the United States for the Northern District of Oklahoma; Franklin E. Kennamer, Judge.

Action by Clifton L. Richards against the United States. Judgment for plaintiff (21 F.[2d] 94), and the United States brings error. Reversed and remanded.

A. J. Ward, Sp. Atty. Bureau of Internal Revenue, of Washington, D. C. (C. M. Charest, Gen. Counsel Bureau of Internal Revenue, of Washington, D. C., and John M. Goldesberry, U. S. Atty., of Tulsa, Okl., on the brief), for the United States.

Ralph A. Smith, of Kansas City, Mo., for defendant in error.

Before LEWIS, Circuit Judge, and SCOTT and DAVIS, District Judges.

LEWIS, Circuit Judge. This action was brought by Richards, a member of the Choctaw Tribe of Indians and of one-sixteenth Indian blood, to recover Federal income taxes alleged to have been assessed and collected from him erroneously and illegally on royalties paid to him on oil produced from lands allotted to him, and which under the acts of June 28, 1898, and July 1, 1902 (30 Stat. 495, 507; 32 Stat. 641, 642), were exempt from taxation at the time the assessments were made. His complaint disclosed that he did not present to the Commissioner of Internal Revenue within four years after payments his claims for refund, as required by Rev. Stat. §§ 3226 and 3228, and amendments thereto (26 USCA §§ 156, 157). See 42 Stat. 314, 315; 43 Stat. 342, 343; 44 Stat. 115, 116. Because of this neglect defendant below demurred and contended the action is not maintainable, which was overruled. Without further pleading judgment went for plaintiff for the amounts paid on the assessments for 1917, 1918 and 1919, all made more than four years prior to July 20, 1925, the date Richards presented his claims to the Commissioner of Internal Revenue for refunds. The issue on the demurrer is brought here on the assignment that the court erred in overruling it and in entering judgment on the complaint for plaintiff.

[1] Counsel for plaintiff in error concedes that the taxes were erroneously and illegally assessed; that the allotted lands and the oil produced from them were exempt from taxation, though all other restrictions thereon had been removed by the Act of May 27, 1908. 35 Stat. 312. But the terms of section 3226 leave no basis to argue that the right to maintain the action is not dependent on the precedent condition of a compliance with section 3228; that is, plaintiff must plead and prove that he presented to the Commissioner a claim for refund of the tax within four years after payment. De Bary v. Dunne (C. C.) 162 F. 961; R. I. A. & L. R. R. v. United States, 254 U. S. 141, 41 S. Ct. 55, 65 L. Ed. 188. The sections, so far as material here, read thus:

(3226) "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected * * * until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue, according to the provisions of law in that regard. * * *".

(3228) "All claims for the refunding or crediting of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected * * * must * * * be presented to the Commissioner of Internal Revenue within four years next after the payment of such tax. * * *"

These sections have been kept in force in their essential requirements for more than half a century. In Snyder v. Marks, 109 U. S. 189, 3 S. Ct. 157, 27 L. Ed. 901, it was said of them:

"The remedy so given is exclusive, and no other remedy can be substituted for it. Such has been the current of decisions in the

Circuit Courts of the United States, and we are satisfied it is a correct view of the law. [Citations.] In Cheatham v. United States, 92 U. S. 85, 88 [23 L. Ed. 561], and again in State Railroad Tax Cases, 92 U. S. 575, 613 [23 L. Ed. 663], it was said by this court, that the system prescribed by the United States in regard to both customs duties and internal revenue taxes, of stringent measures, not judicial, to collect them, with appeals to specified tribunals, and suits to recover back moneys illegally exacted was a system of corrective justice intended to be complete, and enacted under the right belonging to the Government to prescribe the conditions on which it would subject itself to the judgment of the courts in the collection of its revenues."

See, also, Dodge v. Osborn, 240 U. S. 118, 36 S. Ct. 275, 60 L. Ed. 557.

[2] Counsel for Richards insists that the relation of guardian and ward exists between the United States and Richards, and that statutes of limitation, or of that nature, are never applied against a ward in favor of his guardian until the trust is repudiated, and that there was no repudiation until the Commissioner refused to order a refund on plaintiff's claims on October 6, 1926, when this cause of action first arose. There is no pretense that Richards believed when he made the payments they were being made to the United States as his guardian, to be held and accounted for in that capacity. He had no cause to so believe. He must have known they were being demanded of right as a part of the public revenue due to it from him as a taxpayer. The demand itself was antagonistic to the claimed trust relation, and no such obligation as claimed existed growing out of the transaction that could be later repudiated. He made the returns and later the payments, we must assume, with full knowledge that the tax was exacted of him in discharge of his obligation to the Government. It is not alleged or claimed that he was non compos. Under the Act of May 27, 1908, 35 Stat. 312, all restrictions on voluntary disposal of his allotment were removed, and perforce of that act the allotment and Richards' control over it passed from governmental supervision. Richards thereafter held title "with all the rights and incidents of full ownership by persons of full capacity." United States v. Waller, 243 U. S. 452, 37 S. Ct. 430, 61 L. Ed. 843. Any relation of guardianship that may have previously existed, was terminated we think by this act and the two acts now to be mentioned. By section 6 of the Act of February 8, 1887

(24 Stat. 388, 390), as amended by the Act of March 3, 1901 (31 Stat. 1447 [8 USCA § 3]), he was declared a citizen of the United States "entitled to all the rights, privileges, and immunities of such citizens, whether said Indian has been or not, by birth or otherwise, a member of any tribe of Indians within the territorial limits of the United States." At the times the assessments and payments were made he had full charge and control of the allotment and the income therefrom. He had the right to assert in his own name, in court or elsewhere, such claims as he cared to make, and defend against those made by others. He was charged with notice that there was a special and exclusive remedy provided for the recovery of a tax that had been erroneously and illegally assessed and collected. He attempted to avail himself of that remedy without complying with precedent conditions on which it rested and after his right to do so had expired.

[3] Counsel insists that his noncompliance with the statutory requirement should be ignored because Richards was then and is now a member of the Choctaw Tribe. The statute makes no exception based only on the racial status or relation of the taxpayer. We do not know on what principle we can do so.

On the facts set up we think plaintiff's claim cannot be granted as of legal right. The refund, if it is ever to be made, must be as a matter of grace. The errors assigned are well taken.

Reversed and remanded.