LANDMAN, Superintendent of Five Civilized Tribes of Oklahoma, v. ALEXANDER, Former Collector of Internal Revenue.

No. 6576.

District Court, E. D. Oklahoma.

Jan. 30, 1939.

Thos. W. Leahy, of Muskogee, Okl., for petitioner.

C. A. Summers and C. W. Miller, both of Muskogee, Okl., for respondents.

RICE, District Judge.

This suit is for the recovery of $6117.53 inheritance taxes paid to Acel C. Alexander, the then Collector of Internal Revenue, on November 6, 1925. There is no dispute as to the essential facts. The taxes were paid as an inheritance tax on the estate of Walter Starr, deceased, who was a fullblood Creek Indian enrolled opposite Roll No. M—342. Admittedly his lands were restricted and his personal property was held by and subject to the control of

the Secretary of the Interior. He left as his sole heirs at law his mother, enrolled as a fullblood citizen of the Creek Nation, and his wife, a 7/8 blood Cherokee Indian. The actual payment of the funds to the Collector of Internal Revenue was made by an administrator of the estate of the deceased, but the funds for payment of the estate tax were furnished to the administrator by the Superintendent for the Five Civilized Tribes out of the funds in his custody and belonging to said estate. No claim for refund of the estate tax thus paid was made until January 16, 1936, when A. M. Landman, Superintendent for the Five Civilized Tribes, filed a claim, which claim as amended on June 23, 1936, is made the basis of this suit. The taxes were assessed and collected under the provisions of the 1924 Revenue Act, and it is admitted that under the 1924 Act the estate of a deceased fullblood Indian was not subject to an inheritance tax.

Section 1011 of the 1924 Revenue Act (43 Stat. 342) provides for a refund by the Commissioner of Internal Revenue of taxes erroneously or illegally assessed or collected. Section 1012 of said act (43 Stat. 342) is as follows: "All claims for the refunding or crediting of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, * * * must, * * * be presented to the Commissioner of Internal Revenue within four years next after the payment of such tax, penalty, or sum."

Section 1014 of said Revenue Act (43 Stat. 343) provides as follows: "No suit or proceeding shall be maintained in any court for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, * * * until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue, * * *."

The sole question for determination in this case is whether or not the plaintiff is precluded from maintaining this suit by the statutes above set forth. The language of the Statutes makes no exception. The claim for refund filed herein was filed more than ten years after the payment of the tax, and the plaintiff concedes that if the foregoing statutes are applicable no recovery can be had in this suit. But the plaintiff contends that since the estate out of which the tax was paid was that of a restricted fullblood Indian, inherited by a fullblood Indian and a 7/8 blood Indian,

each duly enrolled, that no statute of limitations is applicable. The plaintiff has produced no decision of any court sustaining this contention but relies upon an opinion of the Attorney General dated August 14, 1924, 34 Op.Atty.Gen. 302. This opinion written by Attorney General Stone, now Justice Stone of the Supreme Court, pertained to income taxes derived from tax exempted lands allotted to members of the Five Civilized Tribes belonging to the restricted class. This opinion by analogy sustains the contention of the plaintiff. The defendant, however, now represented by the Attorney General of the United States, through the District Attorney of this district, contends that the foregoing statutes are applicable in this case and cites in support thereof United States v. Richards, 8 Cir., 27 F.2d 284, 286. True, the plaintiff Richards in that case was not a fullblood member of the Choctaw Tribe of Indians. However, the income taxes sought to be recovered had been collected from his tax exempt allotment. The limitation statutes were applied in that case by Judge Lewis. The statutes discussed by Judge Lewis are not different in any essential from those cited herein and compliance with said statutes was treated as a condition precedent to the right to maintain the action. Quoting from the opinion:

"Counsel insists that his noncompliance with the statutory requirement should be ignored because Richards was then and is now a member of the Choctaw Tribe. The statute makes no exception based only on the racial status or relation of the taxpayer. We do not know on what principle we can do so.

"On the facts set up we think plaintiff's claim cannot be granted as of legal right. The refund, if it is ever to be made, must be as a matter of grace."

Since the writing of the opinion by the Attorney General Stone Congress has enacted certain statutes making applicable the statute of limitations in the State of Oklahoma to fullblood Indians. Act approved April 12, 1926 (44 Stat. 239).

By resolution passed in 1930 (46 Stat. 370), pertaining to refunds to Indians, Congress again evidenced an intention to make applicable certain limitations to the right of members of the Indian tribes to maintain these actions. The opinion of the Attorney General makes reference to a former opinion of the Attorney General by which the income from the tax exempt

allotment of a fullblood Indian was not subject to a payment of the income tax. The Supreme Court of the United States subsequently has held that the income of a fullblood member of the Indian tribes from his restricted allotment is subject to the payment of the income tax; that the revenue acts make no exception. Superintendent of Five Civilized Tribes v. Commissioner of Internal Revenue, decided in 1935, 295 U.S. 418, 55 S.Ct. 820, 79 L.Ed. 1517.

In consideration of the present contention of the Attorney General and the subsequent decisions of the Circuit Court of Appeals and the Supreme Court of the United States, we believe that the opinion of the Attorney General relied upon by the plaintiff is not controlling in this case, but that as applied to a suit for the recovery of taxes the condition precedent for the maintenance of the suit is applicable to members of the Indian tribes, as well as other persons and, as stated by Judge Lewis, "the refund if it is ever to be made must be as a matter of grace" and not as a matter of legal right.

Judgment is for the defendant and the attorney for the defendant will prepare journal entry accordingly.