### SAYRE et al. v. BREWSTER, Internal Revenue Collector.

(District Court, N. D. New York.   October 30, 1920.)

1. **Pleading** ⊂⊃214(5)—**Demurrer admits allegations of fact, but not conclusions.**

   A demurrer to the complaint admits all allegations of fact, but does not admit conclusions.

2. **Internal revenue** ⊂⊃8—**State transfer tax is deductible from the estate in determining federal tax.**

   The New York transfer tax, which was approved and allowed by the Surrogate's Court and paid by the executors, is a charge against the estate allowed by the laws of the jurisdiction under which it is being administered within Act Sept. 8, 1916, tit. 2, § 203 (Comp. St. § 6336½d), which should be deducted from the amount of the estate before the United States tax was computed.

⊂⊃**For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes**

**3. Pleading ⊜⊃204(2)—Demurrer to whole complaint overruled, if any cause of action is stated.**

Where a complaint sought to recover from the collector of internal revenue as a whole the amount of the estate tax paid under protest, a demurrer to the complaint for failure to state a cause of action must be overruled, if plaintiff was entitled to recover a part of the sum paid.

Action by James Sayre and another, as executors of the last will and testament of Theodore S. Sayre, deceased, against Neal Brewster, as Collector of Internal Revenue for the Twenty-First District of the State of New York, demanding judgment in the sum of $19,657.49, with interest on $17,999.71 of said sum from February 23, 1917, and interest on $5.12 of said sum from April 4, 1917, and interest on $1,542.66 of said sum from January 30, 1918. On demurrer to the complaint. Demurrer overruled.

Theodore L. Cross, of Utica, N. Y. (H. T. Newcomb, of New York City, of counsel), for plaintiffs.

D. B. Lucey, U. S. Atty., of Ogdensburg, N. Y., for defendant.

RAY, District Judge. The defendant demurs to the complaint on the ground that "the complaint fails to state facts sufficient to constitute a cause of action." The complaint alleges the appointment and qualification of the plaintiffs as executors of the last will and testament of Theodore S. Sayre, deceased, which death occurred December 7, 1916, and contains the usual allegations as to the residence of the deceased and that he left a will. The will, which was duly probated, contains the following provisions:

"First. I order my executors hereinafter named to pay all my just debts and my funeral expenses, also any taxes which may legally be imposed upon the legacies and devises hereby made, it being my will that said legacies and devises be paid in full without rebate or deductions."

"Fifteenth. I give, devise and bequeath all the rest, residue and remainder of my property, real and personal, and of every name and nature, and wheresoever situated, in equal shares to my nephew and nieces (children of my deceased brother Charles), namely, James Sayre, George S. Sayre, Caroline A. Sayre, Anna L. Sayre, Amelia V. R. Sayre, and Leonora Sayre Platner."

The deceased was survived by his residuary legatees named in the will, whose names are set forth in the complaint, and it is alleged that these persons were adjudged to be the residuary legatees by a decree of the Surrogate's Court of Oneida county, the court having jurisdiction of such matter. In such surrogate's decree each of such residuary legatees was decreed to be entitled to receive one-sixth of the residuary estate of said decedent. The complaint then alleges that there was assessed against the estate of said decedent by the surrogate of said county of Oneida, by an order made January 26, 1917, a transfer tax due and payable to the state of New York in the sum of $34,582.25, which tax, less a discount of $1,729.11, was thereafter and on the 5th day of February, 1917, paid and satisfied by the payment to the comptroller of the state of New York of the sum of $32,853.14, which payment was sanctioned and approved as an administration expense by an order of the said Surrogate's Court entered July 31, 1917.

The whole of this tax was paid by the plaintiffs as executors, out of the residuary estate of said decedent by direction and authority of said Surrogate's Court.

The complaint also alleges that prior to and on February 23, 1917, the defendant, collector of internal revenue, claimed and demanded of the plaintiffs, as executors aforesaid, the sum of $17,999.71, which he claimed had been lawfully assessed against said estate of said Theodore S. Sayre by the Commissioner of Internal Revenue of the United States, pursuant to certain provisions of title 2 of the Act of Congress of September 8, 1916, and amendments thereof (Comp. St. §§ 6336½a–6336½m), and also alleges that February 23, 1917, under duress and with protest, and to avoid penalties threatened by the defendant, the plaintiffs, as executors aforesaid, paid to the defendant the said sum of $17,999.71 out of the residuary estate of the said decedent. The complaint then alleges a further demand of the additional sum of $5.12, which the defendant claims should have been included and paid, and that same was paid under like circumstances and with like protest, and further alleges that prior to and on January 30, 1918, the defendant claimed and demanded of the plaintiffs an additional sum of $1,642.66, which he claimed had been lawfully assessed against said estate under the same authority of law, and that same was paid under duress and with protest, and to avoid penalties threatened by the defendant.

The complaint then alleges that "in making his said demand, and prior to and on January 30, 1918, for the said sum of $1,642.66, the defendant pretended to be authorized by the regulation purporting to be issued in accordance with said title 2 of said Act of Congress of September 8, 1916, and amendments, and known as Treasury Decision No. 2524," and which regulation is then set out in full and reads as follows:

"Treasury Department,
"Office of Commissioner of Internal Revenue,
"Washington, D. C., September 10, 1917.

"To Collectors of Internal Revenue:

"An exhaustive study of the nature of state inheritance taxes has led this office to the conclusion that amounts paid to states on account of inheritance, succession, or legacy taxes are not 'such other charges against the estate as are allowed by the laws of the jurisdiction,' and accordingly are not deductible in arriving at the amount of federal estate tax. T. D. 2395 is hereby revoked.                        David A. Gates, Acting Commissioner.

"Approved: Byron R. Newton, Acting Secretary."

The complaint alleges that the whole of said $1,642.66, claimed, demanded, and paid as aforesaid, was claimed and demanded upon the theory that the payment of $32,853.14, being the transfer tax lawfully due and paid to the state of New York, as stated in the complaint and charged against the estate of said decedent, is not allowed by the laws of the jurisdiction in which said estate was lawfully administered. The complaint alleges that the defendant refused to allow the deduction of said $32,853.14 as a charge against the estate aforesaid, but demanded and compelled its inclusion as a part of the net estate upon which he claimed that the—

"pretended tax had been computed, thereby increasing the amount which he demanded and collected as aforesaid by 5 per centum of said $32,853.14, or in the sum of $1,642.66."

The complaint alleges that after having made all the payments set forth amounting in the aggregate to $19,647.49, and on or about March 8, 1918, the plaintiffs, as executors aforesaid, duly appealed to the Commissioner of Internal Revenue from and on account of the action of the defendant in holding them or the estate of said decedent liable to the payment of the said sum so paid, and any or every part thereof, and in collecting said sum in the manner aforesaid, and represented to the Commissioner that the collection of said sum was unlawful, and claimed and demanded that the whole of said sum shall be refunded; that on or about July 12, 1918, the Commissioner of Internal Revenue rejected and disallowed the appeal made by the plaintiffs, and refused and still refuses to refund the said sum of $19,647.49, and each and every part thereof, except the sum of $38.30, which the Commissioner admits was erroneously and illegally demanded and collected. The complaint alleges that no part of the said sums so illegally paid have been repaid.

The complaint then alleges as follows:

"Plaintiffs further represent and allege that the said action of the defendant, in demanding said sum of $19,647.49, and enforcing and exacting payment thereof, was without any warrant or authority of law and that the whole of said sum was illegally demanded and collected, for the reason that said title II of said Act of Congress of September 8, 1916, and the amendments thereto, are contrary to the Constitution of the United States, and unconstitutional and void, in that:

"a. They attempt to levy a tax upon the operation of the laws of the several states, and to diminish and impair the exercise by the several states of their constitutional right to control and regulate the administration of estates of decedents.

"b. They attempt to create a tax which, if valid, would tax the right or privilege of one individual at a rate fixed with reference to the value of the right or rights or privilege or privileges of another individual, or of other individuals, thus bringing about a profound inequality, which transcends the limitations arising from the fundamental conceptions of free government which underlie all constitutional systems.

"c. They attempt to create a direct tax, which, if valid, would be a direct tax not apportioned among the several states in proportion to population.

"d. They attempt to create a tax which, if valid, would not be uniform throughout the United States.

"e. They would, if effective, take property without due process of law.

"X.

"Plaintiffs further represent and allege that the said action of the defendant, in demanding so much of said pretended tax as was demanded and paid, as aforesaid, by reason of the refusal to consider said transfer tax of $32,-853.14, paid as aforesaid to the state of New York, to be a charge against said estate duly authorized by the jurisdiction in which it was lawfully administered, and enforcing and exacting payment thereof, was without any warrant or authority of law, and that such portion of said pretended tax was illegally demanded and collected for all the reasons aforesaid and also in this:

"a. The said pretended regulation, known as Treasury Decision No. 2524, hereinbefore in paragraph VII hereof fully set forth, was not and is not a lawful rule or regulation, but was and is illegal and void, and the only lawful rule or regulation consistent with said title II of said Act of Congress of

September 8, 1916, and amendments, if said title and said amendments are constitutional, is the rule contained in Treasury Decision No. 2395, which said Treasury Decision in words and figures is as follows:

" 'Treasury Department,

" 'Office of Commissioner of Internal Revenue,

" 'Washington, D. C., November 17, 1916.

" 'Sir: Replying to your letter of the 14th instant, inquiring whether state inheritance taxes are deductible from the gross estate of a decedent, in determining the federal tax due under title II of the Revenue Act of September 8, 1916, you are informed that among the deductions from the gross estate specified in section 203, paragraph a, subparagraph 1, of the above-mentioned act, is the item "such other charges against the estate, as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered."

" 'Since it does not appear open to question that state inheritance taxes are a primary charge against an estate, and allowable as credits to executors and administrators in every state imposing such taxes, they are clearly deductible from the gross estate of the decedent whose property and interests are liable to the federal tax imposed in title II of the Act of September 8, 1916.

" 'Respectfully,                                      W. H. Osborn,

" 'Commissioner of Internal Revenue.

" 'Collector, 23rd District, Pittsburgh, Pa.

" 'Approved: B. R. Newton, Acting Secretary of the Treasury.' "

[1] The demurrer to the complaint admits all allegations of fact, but does not admit conclusions.

[2] The state of New York had the right to impose the tax it did impose on this estate, acting through its Surrogate's Court, which was and is the court of competent jurisdiction. When that tax was imposed, it became a charge upon and against the estate, and this fact is clearly recognized by the act of Congress above referred to. It was not the policy or purpose of Congress to impose a tax upon the amount of a tax already paid from the estate of a decedent or to the state in which such estate is being administered. I think the tax paid the state of New York and imposed by the laws of that state, and approved and allowed by the Surrogate's Court, was and is one of "such other charges against the estate as are allowed by the laws of the jurisdiction whether within or without the United States under which the estate is being administered," and that it follows that the Commissioner and Collector of Internal Revenue in imposing the tax due the United States should have made the proper deduction for and on account of such payment to the state.

[3] If I am correct in this view, it follows that the demurrer to the complaint must be overruled, as the complaint does not set forth separate and distinct causes of action, but seeks to recover the entire amount of tax paid the United States, and groups all the payments into one cause of action, and the demurrer, as we have seen, alleges that no cause of action is set up in the complaint. I think the complainant, under the facts alleged in the complaint, excluding from consideration conclusions, is entitled to recover the sum of $1,642.66, and no more, and that therefore the complaint states a cause of action for that amount, and that the demurrer must be overruled for this reason. My opinion is that as to the balance the plaintiffs are not

entitled to recover, but this is not a trial on the merits. It is simply a question whether or not the complaint states any cause of action for any amount, entitling the plaintiffs to recover any amount.

The demurrer is therefore overruled, and there will be an order accordingly. The defendant should be directed to answer the complaint within 10 days from service of the proper order, in default of which the plaintiffs should have judgment for the said sum of $1,642.66, with interest thereon from January 30, 1918, but for no greater sum.