THAYER et al. v. MALLEY.

(District Court, D. Massachusetts. March 28, 1921.)

No. 1235.

Internal revenue ⚖=25—Succession taxes paid to state deducted before assessment of federal estate tax.

Under Estate Tax Act Sept. 8, 1916, § 203 (Comp. St. § 6336½d), providing that for the purpose of the tax imposed the net value of the estate shall be determined by deducting " * * * such other charges against the estate as are allowed by the laws of the jurisdiction * * * under which the estate is being administered;" such taxes as in fact have to be paid to the state of administration on the succession are to be deducted before the federal tax is assessed.

At Law. Action by Ruth S. Thayer and others, executors of the will of Bayard Thayer, deceased, against John F. Malley, formerly Collector of Internal Revenue. Judgment for plaintiffs.

Putnam, Putnam & Bell and Francis J. Good, all of Boston, Mass., for plaintiffs.

The United States Attorney, for defendant.

MORTON, District Judge. This is an action against the collector to recover an estate tax which, as the plaintiffs contend, was illegally assessed. The assessment was made under the act of September 8, 1916, as amended (Compiled Stats. § 6336½c). The defendant has demurred to the declara-

tion. The facts admitted by the demurrer are as follows:

Bayard Thayer died on November 29, 1916, a resident of Lancaster, Mass. Bayard Thayer's father, Nathaniel Thayer, who died on March 7, 1883, a resident of Massachusetts, had set up by his will a trust fund in the hands of trustees, of which Bayard Thayer was entitled to the income during his life, and over which he was given a general power of appointment by will only. Bayard Thayer exercised this power, and by his will appointed the trust fund absolutely to his wife, Ruth Thayer. The trust fund at Bayard Thayer's death amounted to about $3,000,000; his individual estate was valued by the Commissioner at something over $900,000. The total valuation on the trust estate and the individual estate, as made by the Commissioner, was $3,952,729.-68. The exact apportionment of this amount between the trust fund and the individual estate is not entirely clear, and is immaterial to the discussion of the questions of law involved.

An estate tax was assessed against the estate of Bayard Thayer upon the trust fund, as well as upon his individual estate. In computing the net value of the estate, no deductions were allowed for the sums paid to Massachusetts as inheritance or legacy taxes. The total tax collected amounted to $246,179.17. The plaintiffs paid the tax under protest and duly filed a claim for refund. On the facts stated in the declaration, the formal prerequisites to a right of action have been complied with.

The plaintiff contends that the act of 1916 is unconstitutional. No such doubt was suggested in U. S. v. Field, Executor, 255 U. S. 257, 41 Sup. Ct. 256, 65 L. Ed. 617 (Feb. 28, 1921), and the court assumed that the act was constitutional. I so rule.

The estate of Bayard Thayer clearly came within it, and the only question as to this estate is whether the sums paid to the state of Massachusetts as legacy or inheritance taxes should have been deducted before the federal tax was assessed.

It is contended by the government that there is a distinction between "estate" taxes and "legacy" taxes—the former being a tax upon the privilege of transmitting property by will or descent, and latter upon the privilege of receiving it; that "estate" taxes are deductible, because levied against the estate itself, but that "legacy" taxes are not deductible, because levied against the legatee; and that the Massachusetts tax is a legacy tax. The Massachusetts statute (G. L. c. 65, § 1) provides that "all property * * * which shall pass by will * * * shall be subject to a tax," and then imposes taxes varying in amount with the relationship of the beneficiary to the decedent and with the amount of the legacy or distributive share. It makes the administrator or executor personally liable for the taxes, which are paid by him and allowed in his account in the probate court. The New York statute (Transfer Tax Law [Consol. Laws, c. 60] § 220) is similar. Under it, it has been held that a legacy to the United States was taxable, because "the tax is imposed upon the legacy before it reaches the hands of the government" (U. S. v. Perkins, 163 U. S. 625, at page 630, 16 S. Ct. 1073, at page 1075, 41 L. Ed. 287), and the precise question here presented has very recently been decided in that state in favor of the plaintiff's contention (Sayre v. Brewster [D. C.] 268 F. 553). The same conclusion has also been reached under the Pennsylvania statute, which is somewhat different. Lederer, Collector, v. Northern Trust Co. (C. C. A.) 262 F. 52.

It would, I think, be a decidedly unjust result to hold that under this federal statute the state tax was deductible in one state and not deductible in another, upon a subtle legalism without practical value. The broader view seems to me the sounder one, viz. that such taxes as in fact have to be paid to the state upon the succession are to be deducted before the federal tax is assessed and come within the language of the act as "other charges against the estate * * * allowed by the laws of the jurisdiction * * * under which the estate is being administered." Comp. St. § 6336½d. The Massachusetts tax ought therefore to have been deducted before the tax on Bayard Thayer's estate was computed.

The most important question which was argued, viz. whether Bayard Thayer's estate had any taxable interest in the trust fund over which he held a general power of appointment by will, has been settled, since this case was submitted, by the decision of the Supreme Court in U. S. v. Field, Executor, supra. Under that case the trust fund did not constitute part of Bayard Thayer's estate, and was not taxable under the statutes here in question.

The plaintiffs may present an order for judgment.