SAMUEL J. HOLLIS & others, executors, *vs.* TREASURER AND
RECEIVER GENERAL.

Essex.    May 17, 1922. — June 28, 1922.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

BOSTON SAFE DEPOSIT AND TRUST COMPANY, executor, *vs.*
TREASURER AND RECEIVER GENERAL.

Suffolk.    May 18, 1922. — June 28, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Tax,* Succession.  *Statute,* Construction.

A succession tax law ought not to be so interpreted as to exact an excise on the
succession of that which in fact cannot pass to any beneficiary because it has
been seized by the State on its way from the dead to the living, unless the words
of the statute leave no other alternative.

Excise taxes, lawfully paid to other States upon the succession of property of a
deceased resident of this Commonwealth within their jurisdiction, may be
deducted in ascertaining the value of the estate on which the succession tax
authorized by G. L. c. 65, § 1, is to be computed.

BILL IN EQUITY, filed in the Probate Court for the county of
Essex on August 24, 1921, by the executors of the will of James P.
Martin, late of Lynn, for abatement of a portion of a succession
tax paid under protest;  also a

BILL IN EQUITY, filed in the Probate Court for the county of
Suffolk on April 13, 1922, by the executor of the will of Julia R.
Longley, late of Boston, for a like purpose.

In both suits the facts were agreed upon.  In the first suit
by order of *Dow,* J., a decree was entered granting the abate-
ment sought, and the defendant appealed.  The second suit
was reserved by *Grant,* J., for determination by this court.

The cases were submitted on briefs.

*S. H. Hollis,* for the plaintiffs in the first case.

*C. M. Rogerson,* for the plaintiff in the second case.

*J. W. Allen,* Attorney General, & *C. R. Cabot,* Assistant At-
torney General, for the defendant.

RUGG, C. J.    These cases present the question whether the amount of excise taxes, lawfully paid to sister States of the Union upon the succession of property within their jurisdiction of a deceased resident of this Commonwealth, may be deducted in order to ascertain the value of the estate on which the succession excise tax required by the statutes of this Commonwealth is to be computed.    Stated conversely the question is whether this Commonwealth may under existing statutes levy its succession tax on the amount of money lawfully paid for succession taxes to other States respecting estates of deceased residents of this Commonwealth.

It is plain as a practical matter that the amount of money so paid for excise taxes never passes to anybody by succession from the deceased resident.    Money so paid is a pecuniary burden laid for the support of government upon the privilege of transmitting and receiving property by will or by intestate succession. A succession tax law ought not to be so interpreted as to exact an excise on the succession of that which in fact cannot pass to any beneficiary because seized by the State on its way from the dead to the living, unless the words of the statute leave no other alternative.    *Newcomb* v. *Paige*, 224 Mass. 516.    Such a tax, apart from its technical legal significance, would be in substance and effect a tax on a tax and not a tax on the succession of property.

By G. L. c. 65, § 1 (which does not differ in this respect from pre-existing statutes), "All property within the jurisdiction of the Commonwealth . . . which shall pass by will, or by laws regulating intestate succession . . . shall be subject to a tax."

The executor, in order to carry out the provisions of the will in each of these cases, was obliged to secure possession of the property in the other States.    If there had been ancillary administration in each of the taxing States, then the amount transmitted to the domestic executor would have been only the balance left after the settlement of ancillary administration including the payment of such taxes.    *Putnam* v. *Middleborough*, 209 Mass. 456.    If the executor takes the property directly he must, in order to secure a transmissible title, invoke the laws of such taxing State and pay the tax.    *Bliss* v. *Bliss*, 221 Mass. 201, 205.    In either event the actual amount of property which

he can transmit under the will must be depleted by the amount of the taxes so paid. The executor could not enforce recognition of transfer of the property to the beneficiary except by invoking the sanction of the laws of the several States having jurisdiction to levy the excise. If this had been the only property of these estates, the executors could not possess themselves of such title and possession of the property as would enable them to secure money enough with which to pay the Massachusetts succession tax without first paying the taxes assessed in the other States. It was said in *Callahan* v. *Woodbridge,* 171 Mass. 595, at page 599, "for the purpose of determining on what amount the tax is to be computed, expenses of administration must be deducted, as the tax is to be paid only on the amount which passes to the successor or successors." In *Hooper* v. *Shaw,* 176 Mass. 190, at page 191, it was said by Chief Justice Holmes, "Without throwing doubt upon the power of the State to adopt a harsher rule . . . we are of opinion that these words [of the statute] most naturally signify the property which the legatee would get were it not for the State tax imposed by the sentence in which the words occur." The plain implication of both these utterances is that under the statute lawful excises paid in other jurisdictions must be deducted before the State excise is calculated.

The point here raised is concluded in principle by *Old Colony Trust Co.* v. *Treasurer & Receiver General,* 238 Mass. 544, where at page 549 it was said that "the charge upon the succession of the foreign property was a tax which the executor was required to pay in order to reduce that property to possession, for the purpose of administration and distribution." The extreme power of the Commonwealth as to excise taxation need not be discussed and may be assumed. *Kingsbury* v. *Chapin,* 196 Mass. 533. *New York Trust Co.* v. *Eisner,* 256 U. S. 345. As matter of statutory construction the tax here in issue was not assessed rightly. The several payments of excise taxes were made to defray necessary charges and expenses. They should be deducted, as matter of statutory construction, before computing the excise due under our law.

Although there are authorities of a contrary appearance, this conclusion is supported by *Corbin* v. *Townshend,* 92 Conn. 501,

*Bullard* v. *Redwood Library,* 37 R. I. 107, *Kingsbury* v. *Bazeley,* 75 N. H. 13, *Van Beil's Estate,* 257 Penn. St. 155.

The grounds upon which this decision rest render it unnecessary to consider the terms of the wills.

In the Hollis case the decree of the Probate Court is affirmed.

In the Boston Safe Deposit and Trust Company case decree may be entered for the abatement as prayed for.

*So ordered.*