Moss, Judge,
delivered the opinion of the court:
Plaintiffs are suing for the recovery of the sum of $3,-959.89 alleged to be an overpayment of the estate tax of Emma J. Sinclair, deceased, on account of the failure of the Commissioner of Internal Kevenue to deduct from the gross estate the amount of inheritance taxes paid to the Commonwealth of Massachusetts.
The question involved is governed by the provisions of section 203 (a) (1) of the revenue act of 1916, 39 Stat. 778, which reads as follows:
“ That for the purpose of the tax the value of the net estate shall be determined—
“(a) In the case of a resident, by deducting from the value of the gross estate—
“(1) Such amounts for funeral expenses, administration expenses, claims against the estate, unpaid mortgages, losses incurred during the settlement of the estate arising from fires, storms, shipwreck, or other casualty, and from theft when such losses are not compensated for by insurance or otherwise, support during the settlement of the estate of those dependent upon the decedent, and such other charges against the estate as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered.”
It is contended by the Government that the Massachusetts inheritance tax is imposed upon the privilege of the legatee or distributee to receive property, and that it is therefore not a charge against- the estate within the meaning of the statute. The prime question is not whether the tax under discussion is a tax upon the right to transmit property or upon the right to receive property. It is simply whether or not this tax is such a charge as falls within the term “ such other charges against the estate, as are allowed by the laws of the jurisdiction under which the estate is being administered.” Section 1 of the- Massachusetts act provides *140 that “ administrators, executors and trustees, grantees or donees under conveyances or gifts made during the life of the grantor or donor, and persons to whom beneficial interests shall accrue by survivorship, shall be liable for such taxes until same have been paid; * * It is further provided by section 4 that such taxes “ shall be payable to the Treasurer and Receiver General by the executors, administrators or trustees, * * *.” All propertj’' subject to such taxes was, by the terms of the statute, charged with a lien to secure the payment of same. In the present case the administrators were notified by the proper officer of the Commonwealth of Massachusetts that the tax “became due and payable by you to the Treasurer and Receiver General * * *,” and the administrators paid said tax out of the property of the estate before distribution. Decisions of the Supreme Court of Massachusetts are cited by both plaintiffs and defendant in support of their respective contentions. Plaintiffs call attention to the decision in the case of Hollis v. Treasurer and Receiver General, 242 Mass. 163, in which the court referred to the inheritance taxes as “ a pecuniary burden laid for the support of the Government upon the privilege of transmitting or receiving property by will or by intestate succession.” (Italics ours.) In Pratt v. Dean, 246 Mass. 300, it is said, “ The tax is imposed not upon the property, but upon the right to receive property, by reason of the death of the testator or donor. It is not a property tax but an excise tax upon the transmission of property.” In the case of Bingham v. Commissioner of Corporations and Taxation, 249 Mass. 79, the court used this language: “The Commonwealth received by way of succession and legacy taxes under G. L. c. 65, a contribution from the estate of the decedent * * (Italics ours.) It appears from the decisions cited that the Massachusetts courts have consistently held that the inheritance tax is a tax both upon the right to transmit propery and upon the right to receive property. The decision in the District Court of Massachusetts, in the case of Thayer v. Malley, 3 Fed. (2d) 194, in which was involved the identical question presented here sustains plaintiffs’ contention. The following language of *141 the court seems especially worthy of emphasis: “ It would, I think, be a decidedly unjust result to hold that under this Federal statute, the State tax was deductible in one State and not deductible in another, upon a subtle legalism, without practical value. The broader view seems to me the sounder one, viz, that such taxes as in fact have to be paid to the State upon the succession, are to be deducted before the Federal tax is assessed, and come within the language of the act as ‘other charges against the estate * * * allowed by the laws of the jurisdiction under which the estate is being administered.’ * * The attention of the court is called to the fact that the decision in the case of New York Trust Co. v. Eisner, 256 U. S. 345, overruled the Thayer v. Malley case on that point, but it should also be noted that the later case of Keith v. Johnson, 271 U. S. 1, in turn reversed the ruling in the Eisner case on the same point. In the case of Keith v. Johnson, which involved the question of the deductibility of the New York inheritance tax from the gross income of the estate for Federal income-tax purposes, the court held that the inheritance tax was deductible, citing with approval United States v. Woodward, 256 U. S. 632. In United States v. Mitchell, 271 U. S. 9, decided on the same day, the court confirmed the right of the executor to deduct the Texas inheritance tax from the gross income of the estate, holding that the Texas law was similar to that of New York. In this connection it should be observed that the New York inheritance tax law in its essential provisions is identical with the Massachusetts statutes and it was so declared in the Thayer-Matley case.
Section 703 (a) (4) of the recent revenue act of 1928 provides that “ in determining the net income of an heir, devisee, legatee, distributee, or beneficiary * * * or of an estate, for any taxable year, under the revenue act of 1926, or any prior revenue act, the amount of estate, inheritance, legacy, or succession taxes paid or accrued within such taxable year shall be allowed as a deduction * * While this act deals explicitly with the question of the de-ductibility of the classes of tax named therein for Federal *142 income-tax purposes, the Government has seemed to recognize that where an inheritance tax is deductible from the gross income of the estate for income-tax purposes, it is also a proper deduction from the value of the gross estate for estate-tax purposes. However that may be, the court has reached the conclusion, upon a full consideration of the case, that the inheritance tax paid by the administrators herein to the Commonwealth of Massachusetts was a charge against the estate within the meaning of the taxing statute, and should have been deducted from the value of the gross estate. Plaintiffs are entitled to judgment, and it is so adjudged and ordered.
GeeeN, Judge; and Booth, Chief Justice, concur.
Geaham, Judge, took no part in the decision of this case.