## FEDERAL GRAIN CO. v. UNITED STATES.

District Court, W. D. Missouri, W. D.  July 11, 1929.

No. 7433.

Harry L. Donnelly, of Kansas City, Mo., for plaintiff.

Chet A. Keyes, Asst. U. S. Dist. Atty., of Kansas City, Mo.

REEVES, District Judge. The question here considered is on demurrer to plaintiff's petition. The plaintiff sues to recover an overpayment on its income tax in the sum of $16,996.41. Such tax was for the fiscal year ending May 31, 1921. The return was made on August 13, 1921. A claim for refund was filed on August 13, 1926. The Commissioner of Internal Revenue found that the above amount was an overpayment, but held that the claim for refund was not filed within the period allowed by law.

1. A preliminary question has arisen as

to the "taxable year" for which said return was made. Section 200 of the Revenue Act of 1921 (42 Stat. 227) defines the term "taxable year" as meaning "the calendar year, or the fiscal year ending during such calendar year, upon the basis of which the net income is computed." It is apparent, therefore, that the "taxable year" for which plaintiff made its return was 1921. Moreover, said section 200 of the Revenue Act of 1921 provides: "The first taxable year, to be called the taxable year 1921, shall be the calendar year 1921 *or any fiscal year ending during the calendar year 1921.*" It is obvious that the overpayment and the right to claim a refund thereof was made and determinable in the first instance under the Revenue Act of 1921.

2. The Revenue Act of 1921 (section 252) contained the following provisions in respect of refunds: "Provided, that no * * * refund shall be allowed or made after five years from the date when the return was due." Under the Revenue Act of 1921, therefore, plaintiff had five years within which to file a claim for a refund. If this law had remained unmodified or unchanged, plaintiff would have had an undoubted right to present its claim for refund at any time within five years from the date of its return. Unless, therefore, the Congress has shortened the said period of limitation, plaintiff would be entitled to its refund, because its application therefor was filed within the five-year period.

3. However, the Revenue Act of 1924 specifically referred to all former revenue acts subsequent to the Act approved August 5, 1909 (36 Stat. 11), including the Revenue Act of 1921, and granted the right to all taxpayers to make claim for overpayment. By this act—section 281(b), 26 USCA § 1065, note—the period of limitation was shortened as follows: "No such * * * refund shall be allowed or made after four years from the time the tax was paid, unless before the expiration of such four years a claim therefor is filed by the taxpayer."

The Congress specifically shortened the period within which a claim to a refund of overpayment, under the Revenue Act of 1921, might be made. Under said act of 1924 the taxpayer, under the act of 1921, had one full year after the last enactment within which to make claim for refund.

4. It was within the power of the Congress to shorten this statutory period. It may change an existing statute and shorten the period of limitation. 17 R. C. L. 672, § 11; Terry v. Anderson, 95 U. S. 628, 24 L. Ed. 365; Koshkonong v. Burton, 104 U. S. 668, 26 L. Ed. 886. The only restriction upon such legislative power is that a reasonable time be given for the commencement of a suit or the filing of a claim before the bar takes effect.

In the instant case, plaintiff had one full year after the enactment of the Revenue Act of 1924 within which to file its claim. Suit was, therefore, not filed within the period prescribed by law, and plaintiff's claim falls under the bar of the statute. Accordingly, the demurrer to its petition will be sustained.