## ORDWAY v. UNITED STATES.

Circuit Court of Appeals, Second Circuit.
January 6, 1930.

No. 120.

Spencer, Ordway & Wierum, of New York City (Samuel H. Ordway and Dana R. Koons, both of New York City, of counsel), for appellant.

Charles H. Tuttle, U. S. Atty., of New York City (Leon E. Spencer, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge (after stating the facts as above). The plaintiff-appellant makes three points in support of his contention that he has a cause of action which he can still assert:

(1) At the time of the payment of the tax sought to be recovered, original section 3228 of the Revised Statutes was in force. That section allowed two years after a cause of action accrued to the taxpayer within which to present his claim to the Commissioner, and the act of 1926 (44 Stat. 115; 26 USCA § 157, note), requiring that the claim be presented "within four years next after the payment of such tax," did not operate retroactively so as to deprive the taxpayer of his rights under section 3228.

(2) The plaintiff could not file any claim for a refund until after the attorneys' and executors' fees had been allowed by the surrogate. If the act of 1926 be held to be retroactive and to bar the remedy of the taxpayer before his cause of action accrued, such an interpretation would render it unconstitutional as applied to the claim in suit.

(3) Plaintiff's letter to the commissioner on October 3, 1921, in which he stated that additional fees and commissions would thereafter be allowed and that the executors would then file a claim for a refund of the appropriate amount of the estate tax already paid, constituted a claim within the meaning of the statute which was presented less than three months after the payment of the tax on July 14, 1921. Therefore, even if the

Revenue Act of 1926 applied, the plaintiff had conformed to its requirements.

■ There can be no sound basis for the contention that section 3228 of the Revised Statutes was still in force in its unamended form. Section 1316 of the Act of 1921 (42 Stat. 314) amended section 3228, supra, so that claims for a refund of taxes had to be presented to the commissioner within *four* years after payment of the tax instead of, as theretofore, within two years after the cause of action accrued. It likewise provided that the section as amended should apply retroactively to claims for refund under the Revenue Acts of 1916, 1917, and 1918. These provisions of the Act of 1921 were repealed by section 1100 of the Act of 1924 (43 Stat. 352). Section 1012 of that act (43 Stat. 342) amended Revised Statutes, § 3228, so as to require claims to be presented within four years after payment of the tax, but contained no provision making it retroactive as to 1916, 1917, and 1918 taxes. The foregoing section 1012 of the Act of 1924 (43 Stat. 342) was repealed by section 1200 of the Act of 1926 (44 Stat. 125), which, by its own section 1112 (44 Stat. 115; 26 USCA § 157, note) again amended Revised Statutes, § 3228, so as to read as follows:

"Sec. 3228. (a) All claims for the refunding or crediting of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty alleged to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected must, except as provided in sections 284 and 319 of the Revenue Act of 1926, be presented to the Commissioner of Internal Revenue within four years next after the payment of such tax, penalty, or sum.

"(b) Except as provided in section 284 of the Revenue Act of 1926, claims for credit or refund (other than claims in respect of taxes imposed by the Revenue Act of 1916, the Revenue Act of 1917, or the Revenue Act of 1918) which at the time of the enactment of the Revenue Act of 1921 were barred from allowance by the period of limitation then in existence, shall not be allowed."

The argument that section 3228 is again in force in its original form as applied to the claim in question seems to be based on the old presumption that the repeal of a repealing act restores the law as it was before the passage of the latter. But this common-law presumption is done away with by section 12 of the Revised Statutes (1 USCA § 28), which says that:

"Whenever an act is repealed, which repealed a former act, such former act shall not thereby be revived, unless it shall be expressly so provided."

There is no reason to suppose that section 3228, which has been successively amended, retains for any purpose its original provision that claims for erroneous assessments may be presented to the commissioner "within two years next after the cause of action accrued." The Act of 1926 (44 Stat. 115; 26 USCA § 157, note), which amended section 3228 so as to provide that claims "must be presented * * * within four years next after payment of such tax," was the only act applicable when the claim now before us accrued. The prior provision was superseded, and under the Act of 1926 the taxpayer had lost his right to present his claim.

During the period from November 10, 1921, when the first amendment allowing four years from the payment of the tax to present claims for refunds went into effect, until July 14, 1925, when the four years after the payment of the tax had expired, the plaintiff was given a chance to get the commissions and fees allowed and paid and to present his claim therefor to the commissioner. Doubtless the time was insufficient for the purposes of this estate, but it was unfortunately all that the law provided.

The limitation of four years prescribed by the Act of 1924 was held by the Court of Appeals of the Ninth Circuit in Porter v. United States, 27 F.(2d) 882, to apply to a refund of 1917 taxes. See also, McDonald Coal Co. v. Lewellyn (D. C.) 9 F.(2d) 994, affirmed (C. C. A.) 16 F.(2d) 274, United States v. Richards (C. C. A.) 27 F.(2d) 284, 285, and Federal Grain Co. v. United States (D. C.) 35 F.(2d) 260.

■ The contention that it would be an unconstitutional exercise of legislative power to bar plaintiff's remedy before his right accrued is plainly unsound. Such cases as Sohn v. Waterson, 17 Wall. 596, 21 L. Ed. 737, and Wheeler v. Jackson, 137 U. S. 245, 11 S. Ct. 76, 34 L. Ed. 659, involved the rights of private persons against one another. The decisions cannot apply to actions against the United States where the right to sue the sovereign is only allowed as a matter of favor.

■ Plaintiff's third point is equally unavailing. The letter of October 3, 1921, cannot be treated as the presentation of a claim to the commissioner. If the only difficulty with it had been lack of proper form, or if any claim had at that time arisen, we might over-

look all defects. But the letter of October 3, 1921, was no more than a statement of the plaintiff's position and a forecast of what he proposed to do when his claim should come into being. It did not present or even purport to present a claim, and, indeed, it could not do so, for no claim then existed.

While we can discover no way of affording relief to the plaintiff, we are conscious that the result reached is unsatisfactory and seems contrary to principles of natural justice. In the circumstances, plaintiff's only remedy is by congressional action.

The judgment is affirmed.