**BRAUN et al. v. LEWELLYN, Formerly Collector of Internal Revenue.**

**No. 6054.**

District Court, W. D. Pennsylvania.
Jan. 31, 1930.

Smith, Shaw, McClay & Seifert, of Pittsburgh, Pa., for plaintiffs.

Jno. A. McCann, Sp. Atty., of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

This is an action to recover estate taxes imposed by the Revenue Act of 1918, alleged to have been illegally collected by the defendant as collector of internal revenue. A jury trial was waived and the case heard by the court.

On the pleadings and proofs, we make the following findings of fact:

The plaintiffs are executors of the last will and testament of Thomas H. Given, deceased, late of the city of Pittsburgh, Pa., who died June 28, 1919, possessed of an estate subject to federal estate tax under the provisions of the Revenue Act of 1918.

The plaintiffs filed an estate tax return disclosing a net taxable estate in the sum of $3,944,439.02, and a tax due on the transfer to the legatees in the sum of $452,610.24. This tax was paid to the defendant; $115,-915.27 thereof on December 1, 1920, and $336,694.97 thereof on December 24, 1920.

On audit of this return the Commissioner of Internal Revenue found the net estate subject to tax to be $3,328,053.56, and the tax thereon due to be $353,988.57; whereupon the Commissioner refunded to the plaintiffs, at divers dates from April 18, 1923, to March 22, 1928, the sum of $98,621.67.

The plaintiffs admit tax liability on a net estate of $3,220,629.14, claiming that the estate is entitled to an allowance and deduction for administrative expenses in addition to the amounts allowed by the Commissioner in the sum of $107,424.40 made up of the following items:

> Items of administration expenses claimed by the executors and not allowed by the Commissioner

Executors' Compensation paid in 1923 and 1924 from the income and not the corpus of the estate, and for which credit was claimed by plaintiffs in their income tax returns for the years 1923 and 1924, and allowed as an expense item in computing income tax for those two years ..................$100,000.00

Accountants' Compensations and expenses of Richter & Co. paid in January, 1928............ 7,678.65

Bookkeeping expenses of A. D. Reynolds October, 1927, to December, 1928, inc. ........... 175.00

Miscellaneous Expenses in 1927 and 1928 transfer tax on securities sold, insurance, attorney's expenses, rent of safe-deposit box........................ 2,077.34

$109,930.99

less 1917 tax received by the plaintiff and not included by the Commissioner in the net estate subject to tax............ 2,506.59

$107,424.40

On November 29, 1924, the plaintiffs filed a claim for refundment with the Commissioner of Internal Revenue, claiming a reduction in tax liability in the sum of $400,959.93. This claim the Commissioner rejected on July 8, 1927, except as to the $98,621.67 above mentioned.

The plaintiffs filed no other claim for refundment with the Commissioner, but on or about March 5, 1929, they filed with the Commissioner a supplemental statement and affidavit in support of their claim for refundment theretofore filed, which claimed that the net estate should be further reduced in the amount of $107,424.40 for additional expenses of administration from October 1, 1927, to December 31, 1928, and for executors' fees paid during the years 1923 and 1924, and which charged against income of the estate as per the items hereinbefore specified.

By his will (Exhibit F), Given devised his estate to the plaintiffs, his executors in trust, to manage his estate and pay the net income thereof to his sister, Annie Given Kerr, during her life, and at her death he gave the estate absolutely to the plaintiffs, his executors. The widow of the decedent took against his will, and shared in the estate under the intestate laws of Pennsylvania.

In arriving at the net estate subject to tax, the Commissioner allowed as a credit on administration expenses the sum of $400,000 for executors' fees which they paid from the corpus of the estate, but rejected as an administration expense a further sum of $100,000 claimed by the executors as an administration expense, but which was paid by them from the income of the estate in the years 1923 and 1924 and which was claimed by them as executors' fees paid on account of income in the income tax returns of this estate filed by the executors for the years 1923

and 1924, they having taken credit for $25,000 thereof in 1923, and for $75,000 thereof in 1924. These items were allowed by the Commissioner as expenses in managing the estate in determining the net income of the estate subject to tax in the years 1923 and 1924.

By agreement dated May 19, 1925, and filed in the office of the clerk of the orphans' court of Allegheny county, Pa., at No. 594 September term, 1923, and at No. 301 April term, 1925, all the parties interested in this estate agreed that the balance of commissions claimed by the executors for services rendered, and to be rendered, was $150,000, to be payable out of the corpus of the estate. At the date of this agreement there had already been paid to them $250,000 from the corpus of the estate, and $100,000 from the income of the estate, making a total commission of $500,000.

As to the miscellaneous expenses incurred and paid by the executors after the rejection of the refundment claim, the fact of their payment is not disputed but they are objected to, because they do not come within the claim for refundment filed November 29, 1924. Certainly no refundment claim covering these specific items was filed within four years from the date of the payment of the estate tax.

There is another objection to these items which was not made by the defendants, however, i. e., we find no evidence in the record from which we can definitely allocate these expense items to administration expenses rather than expenses of managing the estate under the trust created by the will.

### Conclusions of Law.

We conclude as a matter of law that there has been no overpayment of estate tax by the plaintiffs, and that they are not entitled to recover. Let an order for judgment in favor of the defendant be submitted.

### Discussion.

The plaintiffs claim credit twice for the $100,000 item for executors' fees here in dispute, once in the computation of the income tax due from the estate in the years 1923 and 1924, and again here as a charge for administration expense in closing this estate.

Under the will of Thomas H. Given, they have duties both as executors proper and as trustees under the will during the life of decedent's sister; as executors, it is their duty to collect the debts due the estate, pay the funeral expenses and the debts owing by

the estate, and then put the estate in shape for distribution. That part of it going to Mrs. Kerr they have to manage during her life. The parties interested in the estate have agreed that $400,000 be allowed from the corpus of the estate for executors' fees. It seems like a very large and liberal fee, but at any rate the Commissioner has allowed it as an administration expense. The parties have also agreed to the payment of $100,-000 from income as an executors' fee, and we think thereby have conclusively bound themselves to the finding that such a fee is a proper charge on income for services in managing the estate. The result is that you have the executors receiving by agreement of the parties $400,000 for services as executors proper, and $100,000 for services as trustee in the will. That is their own election, and they ought not now in good conscience to claim the $100,000 item as an administration expense. The $100,000 was paid from the income of the estate earned some four or five years after the death of decedent; and the corpus of the estate has not been diminished one cent by the payment of this amount.

The Commissioner could not legally allow this deduction from the gross estate in determining the net estate, because it was not paid from the gross estate. There was only $400,-000 paid from the gross estate as executors' fees, and that is all the estate is legally entitled to deduct. No judgment as to the correctness of claim of this $100,000 as an administration expense proper can be predicated on the confirmation by the orphans' court of Allegheny county of the executors' account containing this item of $100,000, because of the fact that it was paid from income and not principal of the estate. If any conclusion could be drawn therefrom, it must be that it was a proper charge against income and not against the principal of the estate.

The gross estate, as it descended under the will and the intestate laws of Pennsylvania, has been diminished by the payment of executors' fees of $400,000, the amount allowed by the Commissioner, and has suffered no diminution by reason of the payment of this $100,000.

We therefore conclude that this item may not be legally deducted as an administration expense in computing the net estate subject to tax, under the provisions of section 403 of the Revenue Act of 1918 (40 Stat. 1098).

As to the miscellaneous expenses alleged to have been incurred during the years 1927 and 1928, there is no evidence in this case from which we can find that they were administration expenses within the meaning of this section. They are not explained by the evidence at all, and we think it might properly be inferred, if any inference can be drawn at all, that they were expenses incurred in the administration of the trust devolved upon the executors under the will as they relate to bookkeeping expenses, accountants' fees, transfer taxes on securities sold, rent of safe-deposit box; all in the years 1927 and 1928.

■ There is another reason why the plaintiffs cannot recover in this case, even if their claims were otherwise valid. No claim for refundment covering the specific items involved in this suit was made within four years from the date of the payment of the tax, as required by law. By section 1316 of the Revenue Act of 1921 (42 Stat. 314), claims for refundment must be presented to the Commissioner within four years after the payment of the tax. This section, by its terms, applied retroactively to claims for refundment under the Revenue Acts of 1916, 1917, and 1918. These provisions of the Act of 1921 were repealed by section 1100 of the Revenue Act of 1924 (43 Stat. 352). Section 1012 of the Act of 1924 (43 Stat. 342), again fixed the limitation period at four years, but contained no retroactive provisions as to 1916, 1917, 1918 taxes. This section in its turn was repealed by section 1200 of the Revenue Act of 1926 (26 USCA § 1 a note) which by its section 1112 amended section 3228 of the Revised Statutes (26 USCA § 157), fixing the limit of time for filing claims for refundment with the Commissioner at four years from the date of the payment of tax. From all of which we conclude that the four-year limitation has been in force since November 10, 1921, the enactment date of the 1921 Revenue Act, and that the plaintiffs had that four-year period in which to secure the allowance and payment of such administration expenses as were proper deductions from the gross estate of the decedent and present refundment claims for the allowance of the same.

The refundment claim (Plaintiffs' Exhibit No. 1), filed November 29, 1924, claimed deduction of $500,000 for executors' commissions, but at that date that sum had not been paid nor allowed by the orphans' court. At No. 594 September term, 1923, of that court, the executors claimed credit for the payment of $100,000 for executors' compensation. In the account filed at No. 301 April term, 1925,

credit was claimed for an additional $250,000 for executors' compensation. By agreement dated May 19, 1925, the parties agreed to the allowance of an additional $150,000 as executors' commission, and therefore at the date of filing the refundment claim of November 29, 1924, only $100,000 had actually been paid to the executors. We may say of this so-called refundment claim that it was in the nature of a forecast of what the administration expenses might amount to, rather than a claim for expenses that had actually been allowed by the orphans' court and paid.

The practical effect of this statutory limitation is that the executors have four years from the date of the payment of tax in which to get their administration expenses allowed and paid; and if they are not able to close their estates within that period, the expenses incurred and paid after that period cannot be claimed by way of a refundment.

The miscellaneous expenses paid in 1927 and 1928 are also clearly barred by this statute of limitations, even if they were proper administration expenses.

In this conclusion we follow the ruling of the Circuit Court of Appeals of the Second Circuit in the case of Ordway, Exec., v. United States, 37 F.(2d) 19, and cases there cited.