**LEACH v. NICHOLS, Former Collector of Internal Revenue.**

**No. 2700.**

District Court, D. Massachusetts.
July 24, 1930.

39 Stat. 777; Act of Oct. 3, 1917, § 900 et seq., 40 Stat. 324). These statutes impose a tax measured by the "net estate" as defined therein.

The present controversy arises over the refusal of the Commissioner of Internal Revenue to deduct from the gross estate (1) the legacy and succession tax paid to the commonwealth of Massachusetts in the sum of $34,158.59 and (2) expenses of administration incurred in prosecuting litigation resulting mainly from erroneous rulings of the Commissioner respecting certain transfers made by the decedent during his lifetime.

The litigation is still pending, and the issues now raised require a review of the history of the proceedings from their beginning.

The plaintiff duly filed his return as executor, and on May 8, 1919, paid the tax shown to be due by the return.

The Commissioner, on March 18, 1922, determined the total tax due upon the estate to be $89,735.64, or $52,034.96 in excess of the tax computed upon the return. The additional assessment was due principally to the decision of the Commissioner that the transfers above mentioned were made in contemplation of death. On March 27, 1922, the balance of the total tax, as determined by the Commissioner, was paid. On June 20, 1925, plaintiff filed a claim for refund. In this claim the plaintiff requested that $60,058.03 (including interest) be refunded "or such greater amount as is legally refundable." The specific grounds for the refund assigned in this claim were two: First, that the value of the transfers was illegally included, and, second, that the federal estate tax should have been deducted from the gross estate. There were hearings on this claim, and, on January 16, 1926, the plaintiff received formal notice of the rejection of his claim, although it appeared at an earlier trial that plaintiff had knowledge as early as November, 1925, that the Commissioner had decided to reject the claim. On December 1, 1925, this suit was commenced.

The plaintiff in his declaration alleged that he was seeking to recover a portion of an estate tax "wrongfully and illegally assessed against" the estate. His alleged right to recover was based upon the same grounds as those specified in his claim for refund. The defendant answered to the merits, denying all material allegations and setting up, as an agreement to settle the tax liability, a deposition made by plaintiff in November, 1921. There was a trial to a jury. The trial judge ruled that the deposition was a com-

O. W. Taylor, of Boston, Mass., and Everett S. White and Albert R. White, both of Taunton, Mass., for plaintiff.

Wm. T. Sabine, Jr., Sp. Atty., Bureau of Internal Revenue, and William L. Marshall, Sp. Asst. to U. S. Atty., both of Washington, D. C., and Frederick H. Tarr, U. S. Atty., and J. Duke Smith, Sp. Asst. to U. S. Atty., both of Boston, Mass., for defendant.

BREWSTER, District Judge.

This is an action brought to recover estate taxes alleged to have been erroneously exacted by the defendant.

The plaintiff's testator died November 9, 1918. The liability of the estate for an estate tax is to be determined with reference to the provisions of Revenue Acts of 1916 and 1917 (Act of Sept. 8, 1916, § 200 et seq.,

plete defense and directed a verdict for defendant. On writ of error to the Circuit Court of Appeals the action of the lower court was reversed and the case was remanded for further proceedings. Leach v. Nichols, 23 F.(2d) 275. The decision of the Circuit Court of Appeals came down December 27, 1927. On March 6, 1928, in response to a request that the claim for refund be reopened, hearings were held before representatives of the Commissioner at Washington, when plaintiff waived his claim to a deduction of federal estate taxes, but pressed his claim respecting the transfers. The plaintiff had not, up to this time, claimed a deduction of the Massachusetts legacy and succession tax because of a ruling of the Treasury Department promulgated September 10, 1917, which expressly prohibited such deduction. T. D. 2524. At these hearings the plaintiff claimed that Massachusetts taxes should be deducted and requested further deductions of administration expenses incurred in connection with the litigation and of an additional executor's fee. The total amount subsequently paid on account of these expenses and charges was approximately $30,000. The Massachusetts legacy and succession tax was paid prior to January 20, 1920, but the additional executor's fees, counsel fees, and other administration expenses were not paid until July, 1928.

On April 26, 1928, plaintiff was advised that the claim for refund would be reopened and allowed to the extent of excluding from the gross estate the transfers previously held taxable, and on July 3, 1928, a certificate of overassessment of $43,865.37 was issued, and that amount with interest was refunded. Due to an error in computation, this amount was $1,000 less than the correct amount.

In the meantime the Court of Claims in Merrill v. United States (decided June 18, 1928) 66 Ct. Cl. 136, following this court in Thayer v. Malley, 3 F.(2d) 194, had decided that the amount paid on account of Massachusetts taxes was a proper deduction from the gross estate, and the Commissioner had acquiesced in this decision. Nevertheless, he refused to make any deduction for these state taxes, or to increase the amount of deductible administration expenses.

On September 28, 1928, the plaintiff filed a motion to amend his declaration in the above-entitled action by alleging new grounds for recovery of taxes illegally and wrongfully collected. These new grounds were that in arriving at the net estate the Commissioner had not deducted enough for executor's fees, for counsel fees, for incidental expenses of administration, and had made no deduction of the Massachusetts legacy tax. This amendment was allowed October 8, 1928. On April 27, 1929, the plaintiff filed with the collector an amendment to his claim for refund which was received without objection. In this amended claim the grounds for refund were the same as in the amended declaration, with the addition of a claim for the $1,000 resulting from the erroneous computation of the tax at the time of the redetermination. This claim for a refund was considered and rejected except as to the claim for $1,000 in August, 1929. On or about August 21, 1929, the Commissioner redetermined the total tax upon the said estate to be $48,001.29 instead of $49,001.29, as shown by his determination of May 28, 1928, and refunded the tax of $1,017.38 together with interest thereon amounting to $449.48.

The certificate of overassessment was issued in the usual form, reciting that an "audit of the return" and "a consideration of all claims * * * filed by" plaintiff indicated that the tax assessed was in excess of amount due. The certificate, however, gave the date only of the original claim and ignored the amendment to the claim.

To plaintiff's amended declaration the defendant answered to the merits.

In addition to a general denial of all allegations, the defendant in his answer set up three defenses: (1) That plaintiff had not complied with the provisions of section 3226 of the Revised Statutes, as amended by section 1014(a) of the Revenue Act of 1924 (26 USCA § 156), in that the original claim for refund did not contain all the facts relied upon in support of the claims being pressed by plaintiff in his amended declaration; (2) that the administration expenses were paid subsequent to the bringing of this action; and (3) that the taxes were paid prior to June 2, 1924, the effective date of the act of 1924, and were paid without protest.

Jury trial having been waived, the case was submitted on agreed facts and evidence supplementing the statement.

It is obvious that the United States had demanded and received a tax levied upon the estate of plaintiff's testator in excess of the amount lawfully due. It is not the correct tax measured by the net estate in view of decisions of the court.

Defendant now seeks to defeat a recovery of this illegally exacted tax by urging:

(1) That the Court is without jurisdiction to entertain the suit since it was prematurely brought.

(2) That no claim for refund upon the grounds now relied upon was filed within four years from date of payment of the tax.

Other objections to plaintiff's suit were raised in the pleadings and in argument, but the above are the only defenses that merit consideration. A denial of substantial rights, based on purely technical grounds of a relatively insignificant character, is a result to be avoided, if possible. If further amendments are necessary to bring the allegations of the declaration in conformity with facts admitted by the defendant, the law will permit such amendments. In any event, I have elected to dispose of this controversy on its merits but with a due regard for the statutory limitations presently to be considered. Minor errors or irregularities in these proceedings I am inclined to overlook.

I regard the defense, so far as it stands on the failure of the plaintiff to formally protest the payment of the tax, as now waived, since it was not treated in defendant's briefs. In any event, I must regard the defense as untenable, in view of the provisions of Rev. St. § 3226, as amended by section 1014(a) of the Revenue Act of 1924 (26 USCA § 156). Beatty v. Heiner (D. C.) 10 F.(2d) 390; Warner v. Walsh (D. C.) 24 F.(2d) 449.

First, as to the jurisdictional question. It will be noted that it was not until the second trial on the merits had begun that this question was raised. The provision of statute invoked is in section 3226, as amended, which reads in part that: "No such suit or proceeding shall be begun before the expiration of six months from the date of filing such claim" (for refund) "unless the commissioner renders a decision thereon within that time * * *."

The defendant contends that, since the claim was filed June 20, 1925, a suit brought within six months after that date must be dismissed at this late date. From the record of the first trial, it appears that the plaintiff had been advised of an adverse decision on his claim before suit was brought. The declaration so alleges. If the defendant desired to deny this allegation, he could have done so by a plea in abatement raising the issue of fact. Having failed to do so, no question of jurisdiction can now be raised on this record. This court had jurisdiction of the subject-matter and of the parties.

This is not a case where the question of jurisdiction can be raised at any stage of the proceedings, however late. The answer to the merits and trial thereon constitute a waiver of any right to now set up the claim that the suit was prematurely brought.

For his second line of defense, the defendant invokes Rev. St. §§ 3226 and 3228, as amended by sections 1014(a) and 1012 of the Revenue Act of 1924 (43 Stat. 253 [26 USCA §§ 156, 157]). Briefly these sections provide that a claim for refund "duly filed with the Commissioner of Internal Revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof," shall be a condition precedent to the right to recover by suit taxes illegally collected (section 1014(a), and that all such claims for refund must be presented to the Commissioner within four years next after the payment of the tax (section 1012). Article 1306 of Regulation 65 (under the Revenue Act of 1924) in part reads as follows: "Claims by the taxpayer for the refunding of taxes * * * erroneously or illegally collected shall be made on Form 843. All facts relied upon in support of the claim should be clearly set forth under oath."

In the case at bar, the claim for refund filed June 20, 1925, conformed to the requirements of the statutes and regulations. The facts set forth, however, did not afford any basis for the claims which are asserted in plaintiff's amended declaration. But while this first claim was pending, an amendment to it was filed in which the plaintiff claimed not only the balance due under previous adjustments made on the original claim, but also claimed refunds based on the refusal of the Commissioner to deduct from the gross estate the sum paid in settlement of the Massachusetts legacy and succession tax and the increased expenses of administration. This amendment, moreover, was but a formal presentation of claims for refund that had been informally presented and discussed at hearings held upon the original claim when it was reopened after the decision of the Circuit Court of Appeals. At these conferences the whole extent of the liability of the estate for the federal estate tax was considered and the Commissioner, or those who represented him, had abundant opportunity to pass upon the right of the estate to claim the deduction in question.

The precise problem presented by this second defense is whether the requirements of the statutes, above noted, are satisfied by

a claim seasonably filed and amended after the four-year limitation, the amendment specifying new grounds arising both before and after the expiration of that period, and having been filed and the grounds considered before the final determination of the tax.

That such a right to amend exists in a proper case was held in Lehigh & Wilkes Barre Coal Co. v. United States (D. C.) 38 F.(2d) 637. See also Felt & Tarrant Mfg. Co. v. United States (Ct. Cl.) 37 F.(2d) 977. In the Coal Company Case a claim for refund in terms too general to comply with the regulations was filed within the limited period, and later amended by specifying the particular grounds for the claim. The contention of the United States was that there could be no recovery, since the amendments were filed after the expiration of the time allowed for presenting claims. This contention did not prevail.

In the case at bar, the amount of the refund claimed in the first claim filed was the amount legally refundable, and the amendment only operated to submit to the Commissioner formally what had already been informally presented at hearings on the reopened original claim, namely, additional grounds for claiming a return of the amount legally refundable. There was evidence tending to show that it had been the policy of the Commissioner, in dealing with estates of deceased persons, to accept claims in more or less general terms and permit specifications to come later. It has been urged, and I think appropriately, that, in a matter involving an estate tax, it would be peculiarly compatible with justice to give effect to such an amendment, inasmuch as the statute lays upon the Commissioner the positive duty of assessing the correct tax and refunding any excess. To hold that a late amendment to a claim filed on time answers the statute does not defeat the declared purpose of the legislation if all the facts are presented to the Commissioner so that he may pass upon the claims before final determination of the tax liability, and before suit is brought to recover any tax illegally collected. Tucker v. Alexander, 275 U. S. 228, 48 S. Ct. 45, 72 L. Ed. 253; Red Wing Malting Co. v. Willcuts (C. C. A.) 15 F. (2d) 626, 49 A. L. R. 459; Felt & Tarrant Mfg. Co. v. United States, supra.

The case at bar is clearly distinguishable from Arizona Commercial Mining Co. v. Casey (D. C.) 32 F.(2d) 288. In that case the claim in question was first asserted in the suit, and the Commissioner never had an opportunity to deal with it. Moreover, the tax there involved was income and excess profits tax and not an estate tax. In the case at bar, not only did the Commissioner, or his representatives to whom he assigned the duty of investigating the tax liability of the estate, have knowledge of the payment of these state taxes, but, as already intimated, a right to their deduction was urged upon him at hearings on the refund claim and in an amendment to it.

Nor do I think the plaintiff should be prejudiced by his failure to include in the original claim for refund a claim based on the refusal of the Commissioner to deduct the Massachusetts tax. The published opinions and rulings of the Commissioner extant when the claim was filed precluded, so far as the taxing authorities were concerned, all hope and expectation of such a deduction from the gross estate. The law does not require an act that would have been idle or useless at the time. Felt & Tarrant Mfg. Co. v. United States, supra.

I have reached the conclusion that the defense of noncompliance with the statutes and regulations respecting the claim for refund cannot prevail, and that, to the extent that the claimed deductions were legally deductible when the tax was finally determined, they should have been deducted. So far, therefore, as the tax is increased by the failure to make such lawful deductions, the excess may be recovered in this action.

Regarding the Massachusetts legacy and succession tax, there can be no question that it was legally deductible. It had been paid within the period of limitation, in fact before the first claim was filed. The claim is one that arose well within the four years. The expenses of administration, however, stand on somewhat different grounds. They were not deductible until paid, and they were not paid during the four-year period. These claims, therefore, did not arise until after the time for presenting claims had expired. It has been held in other jurisdictions that executor's fees, paid after the four-year period, were not deductible. Ordway v. United States (C. C. A.) 37 F. (2d) 19; Braun et al. v. Lewellyn (D. C.) 38 F.(2d) 477, 480.

It is thought that one of the results of the limitations of the statute is to fix definitely the time within which executors or administrators are required to secure the allowance and payment of administration fees and expenses. In Braun et al. v. Lewellyn, supra, the court observes that: "The

practical effect of this statutory limitation is that the executors have four years from the date of the payment of tax in which to get their administration expenses allowed and paid; and if they are not able to close their estates within that period, the expenses incurred and paid after that period cannot be claimed by way of a refundment." I can see no escape from the conclusions reached in the cited cases. The fact that the expenses were increased by litigation to correct errors of the Commissioner would not, in my opinion, be sufficient to justify any other conclusion.

In conclusion, I rule that the plaintiff is entitled to recover a judgment in this action, but only to the extent that the tax was increased by the refusal of the Commissioner to deduct the legacy and succession tax paid to the commonwealth of Massachusetts. There was no agreement in the statement of agreed facts as to the amount of such excess, and I will ask the parties to stipulate respecting the amount, computed in accordance with my decision. I have no doubt they can agree, but, if they are unable to do so, I will grant a further hearing upon the exact amount for which judgment may be entered in favor of the plaintiff.