## McDONALD COAL CO. v. LEWELLYN, formerly Internal Revenue Collector.

(District Court, W. D. Pennsylvania. November 10, 1925.)

### No. 3096.

**I. Internal revenue ⊗⟺38—Corporation held, under evidence, not entitled to recover corporation income and excess profits tax.**

Where corporation, organized solely by members of a partnership, took over coal leases from partnership lessee thereof, made annual returns of its net income, and in connection therewith made report to the government as to election of officers and fixing of salaries, evidence in suit for recovery of corporation income and excess profits tax, alleging payment thereof by mistake, *held* not to support a recovery.

**2. Internal revenue ⊗⟺38—Burden is on taxpayer to see that waiver is received by Commissioner of Internal Revenue.**

Duty of taxpayer is not discharged, under Revenue Act 1924, § 281, subd. (e), being Comp. St. Supp. 1925, § 6336½zz(8), by depositing waiver in the post office; burden being on him to see that it is received by the Commissioner of Internal Revenue for filing.

At Law. Action by the McDonald Coal Company, Pittsburgh, Pa., against C. O. Lewellyn, formerly Collector of Internal Revenue. Judgment for defendant.

Wm. G. Heiner, of Pittsburgh, Pa., for plaintiff.

Jno. D. Meyer, U. S. Atty., of Pittsburgh, Pa., and A. W. Gregg, Sol. Int. Rev. Bureau, and John R. Wheeler, Sp. Atty. Int. Rev. Bureau, both of Washington, D. C., for defendant.

SCHOONMAKER, District Judge. This is an action at law. A jury trial having been waived, the case was tried with that of this plaintiff against D. B. Heiner, Collector of Internal Revenue, 9 F.(2d) 992, at No. 3095 Law (1924). From the pleadings and evidence we find the following facts:

[1] The plaintiff is a corporation duly incorporated under the laws of the state of Pennsylvania on November 17, 1919. The defendant was the collector of internal revenue for the Twenty-Third district of Pennsylvania during all the times referred to in this action. The plaintiff made returns annually of the net income from a certain coal business: For the year 1916, on Treasury Department Form 1031; for the year 1917, on Treasury Department Forms 1031 and 1103; and for the years 1918 and 1919, on Treasury Form 1120. The annual net income on said returns was the net income of the plaintiff corporation. The plaintiff corporation paid its income, excess, and war profits taxes as follows: On May 8, 1917, the sum of $446.73, and on October 22, 1919, $249.86, a total of $696.59 for the year 1916; on June 25, 1918, $59,318.85, for the year 1917; on March 12, 1919, $1,281; on June 12, 1919, $3,227.03, and on December 9, 1919, $2,247.17 for the year 1918; and on March 20, 1920, $12.16 for the year 1919.

On January 30, 1922, the plaintiff filed with the Commissioner of Internal Revenue amended returns of net income for the calendar years 1916, 1917, 1918, and 1919, certifying that no business was transacted by the company and that there was no tax whatever due for said years. At the same time an alleged partnership, bearing the same name as the plaintiff, filed original returns of its net income for the calendar years 1916 to 1919, inclusive, certifying that up to July 15, 1919, the partnership was the one actively engaged in the management of the coal business upon which the corporation returns had theretofore been filed, and that the net income reported by the corporation was in fact the copartnership's net income. On February

8, 1924, the plaintiff filed with D. B. Heiner, then the collector of internal revenue for the Twenty-Third district of Pennsylvania, at Pittsburgh, Pa., a claim of $82,255.13, for presentation to the Commissioner of Internal Revenue. This claim, specifically including the sum here in controversy, alleged that the partnership known as the McDonald Coal Company operated the coal business in question until January 15, 1919, and that the original returns of the plaintiff corporation for that period were filed through mistake. The Commissioner of Internal Revenue rejected this claim on May 9, 1924, and so notified the plaintiff. The claim for refund of the income and profit taxes for 1917 was filed more than four years after the said tax was paid and more than five years after the income and profit tax return was due to be filed.

During the time that these income tax returns were made, the plaintiff was engaged in operation of the coal business to which the tax returns referred. It appears from the evidence that some time in 1906 the same persons, who were the only stockholders of the plaintiff corporation, entered into a partnership agreement whereby they acquired a lease of certain coal lands from the Pittsburgh Coal Company, the lease being taken in the name of one or more of the partners of this copartnership. Then the latter company took up the operation of the coal business, and in connection with its tax returns to the government furnished copies of the minutes of the corporation with reference to election of officers, with reference to fixing salaries of officers, and with reference to value of capital stock, alleging that $6,000 of the capital stock was issued for property valued at $50,000.

From this state of facts, we find that as a matter of law there is no substantial evidence to support any judgment in favor of the plaintiff, and that the defendant is entitled to have a judgment entered in his favor for the amount of his costs and disbursements.

What we have said in our opinion in the case of McDonald Coal Company v. D. B. Heiner, Collector, 9 F.(2d) 992, at No. 3095 Law (1924), applies to this case. It presents precisely upon its merits the same question as that involved in the other case, and for the reasons stated in our discussion of that case we find that the plaintiff here is not entitled to recover.

[2] Even granting the plaintiff's right to recover, there is an additional reason in this case why there should be no recovery here, and that is that there has been no waiver filed as to the 1917 taxes, as required by act of Congress. Section 281 (e) of the Revenue Act of 1924 (Comp. St. Supp. 1925, § 6336⅙zz[8]) is in part as follows: "If the taxpayer has, within five years from the time the return for the taxable year 1917 was due, filed a waiver of his right to have the taxes due for such taxable year determined and assessed within five years after the return was filed." It appears from the evidence in this case that the attorney for the plaintiff corporation undertook to file a waiver under this provision of the act of Congress, but there is no evidence that that waiver was actually filed. The evidence discloses that the attorney for the plaintiff wrote a waiver, that it was signed by an officer of the plaintiff corporation, and that it was deposited in the post office at Pittsburgh for mailing to the Commissioner of Internal Revenue. There is no evidence of its receipt there. The act required the waiver to be filed. The act imposes upon the taxpayer the duty of seeing that his waiver actually reaches the proper office for filing. That responsibility is his, and the burden rests upon him actually to convey the waiver to the Commissioner's office. The waiver was not in the files; there is no evidence that it ever actually reached the files. In our opinion, the act of Congress was not complied with until the waiver was actually filed with the Commissioner. The duty of the taxpayer was not discharged under this statute merely by depositing the waiver in the post office. He had the duty of seeing that it was received by the Commissioner of Internal Revenue for filing. If he chooses to trust the mails, rather than to make delivery to the Commissioner in person, it was at his own risk.

We therefore can but conclude that, even if the claim for refund on the 1917 tax were a valid claim, it could not be enforced now. Let judgment be entered for the defendant in accordance herewith.