PORTER, Commissioner of Finance of Idaho, v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.

July 16, 1928.

No. 5361.

1. Internal revenue ⊕==38(8)—Suit on claim for refund of income and profits taxes, filed more than four years from date of payment, is barred (Revenue Act 1924, §§ 281 (b) (e), 1012, 26 USCA §§ 157, 1065(b) (e); Revenue Act 1926, § 1113(a), 26 USCA § 156).

Under Revenue Act 1924, §§ 281 (b) (e), 1012, 26 USCA §§ 157, 1065(b) (e); Comp. St. §§ 5951, 6336⅛zz(8), (b) (e), and Revenue Act 1926, § 1113(a), 26 USCA § 156, relative to time of filing claim for refund of taxes, suit on claim for refund of income and profits taxes, filed more than four years from date of payment of tax, is barred, there having been no waiver filed of right to have taxes of such taxable year determined and assessed within five years after return.

2. Internal revenue ⊕==38(12)—Offer to show that claim for refund of income and profits taxes was filed, by correspondence failing to show filing, held properly rejected.

In suit for recovery of income and profits taxes, offer of evidence tending to show that a claim for refund was filed within time, consisting of correspondence relating to claim, but failing to show that claim was filed, held properly rejected as immaterial.

3. Limitation of actions ⊕==11(1)—Limitations as to suit for recovery of income and profits taxes held applicable to state commissioner of finance as liquidating agent of insolvent bank (Revenue Act 1924, §§ 281(b) (e), 1012, 26 USCA §§ 157, 1065(b) (e); Revenue Act 1926, § 1113(a), 26 USCA § 156).

Limitations of Revenue Act 1924, §§ 281 (b) (e), 1012, 26 USCA §§ 157, 1065(b) (e); Comp. St. §§ 5951, 6336⅛zz(8), (b) (e), and Revenue Act 1926, § 1113(a), 26 USCA § 156, barring suits for recovery of income and profits taxes unless claim had been filed within four years from date of payment, held applicable to state commissioner of finance as liquidating agent of insolvent bank, since, while acting as such liquidating agent, the commissioner had the same, but no greater, right to sue than bank as a taxpayer would have.

4. Internal revenue ⊕==7(17), 9(27)—Interest-bearing notes or overdrafts, found to be worthless and charged off by bank during taxable year, constitute "worthless debts" (Revenue Act 1918, § 234(a), Comp. St. § 6336⅛pp(a).

Interest-bearing note for amount loaned by bank, and overdraft by depositor, not paid, and found to be worthless and charged off during taxable year, constituted "worthless debts," within meaning of Revenue Act 1918, § 234(a), Comp. St. § 6336⅛pp(a), authorizing deductions in determining income and profits taxes.

5. Internal revenue ⊕==7(17), 9(27)—Bank loans must be ascertained as worthless and charged off within taxable year, to be deducted in determining income and profits tax (Revenue Act 1918, § 234(a), Comp. St. § 6336⅛pp(a).

Loans made by bank to borrowers, evidenced by promissory notes, held within provisions of Revenue Act 1918, § 234(a), Comp. St. § 6336⅛pp(a), requiring that they be ascertained to be worthless and charged off within taxable year, in order to be allowed as deductions in determining income and profits taxes.

6. Internal revenue ⊕==7(20), 9(27)—Tax paid by bank under state law making stockholder liable therefor held not deductible in determining income and profits tax (Comp. St. Idaho 1919, §§ 3299, 3302, 3303).

Tax levied against bank under Comp. St. Idaho 1919, §§ 3299, 3302, 3303, providing for assessment of taxes against stockholders, and payment by bank, with liability over against stockholders, held not deductible by bank in determining income and profits tax.

Appeal from the District Court of the United States for the Southern Division of the District of Idaho; Charles C. Cavanah, Judge.

Suit by E. W. Porter, Commissioner of Finance of the State of Idaho, liquidating agent of the Citizens' State Bank, Buhl, Idaho, an insolvent banking corporation, against the United States. Decree of dismissal (20 F.[2d] 935), and plaintiff appeals. Affirmed.

Frank L. Stephan, Atty. Gen., of Idaho, and Leslie J. Aker, of Boise, Idaho, for appellant.

H. E. Ray, U. S. Atty., and W. H. Langroise and Sam S. Griffin, Asst. U. S. Attys., all of Boise, Idaho.

Before GILBERT, RUDKIN, and HUNT, Circuit Judges.

HUNT, Circuit Judge. Appellant Porter, as commissioner of finance of Idaho and as statutory liquidating agent of the Citizens' State Bank of Buhl, Idaho, an insolvent banking corporation, appeals from a decree (20 F.[2d] 935) dismissing his complaint and in favor of the government. The suit is for the recovery of income and profits taxes assessed by the United States and paid by the bank for the years 1917, 1918, 1919, and 1920.

Petitioner contends that the bank did not have or make any taxable net income or any profit on net income whatever, for any of the

years above referred to, and that the assessment and collection were erroneous and illegal in the following respects: (1) That interest accrued or interest earned, but uncollected, on notes and loans of the bank, was included in gross income during the years above referred to; (2) that large amounts by way of losses were sustained by the bank during each of the years referred to, which should have been allowed as deductions from gross income; (3) that certain specified sums were paid by the bank during each of the years mentioned on account of state and county taxes assessed against the net worth of the bank, which were not allowed as deductions from gross income; (4) that no excess profits taxes should have been assessed against the bank, for the reason that there was in reality no taxable net income. After the introduction of plaintiff's evidence, the court granted defendant's motion·for dismissal.

The court found that the claim for refund of taxes for 1917 was barred by the statute of limitations, because it was not filed until November 29, 1924, or more than four years from the date of payment of the tax, and that no waiver was filed with the commissioner within five years from the date the return for the taxable year 1917 was due; that the bank, for the taxable years 1918, 1919, and 1920, filed its income tax returns and paid the amounts involved in the present litigation; that afterward, in December, 1921, the bank closed its doors; that the claims for refund here involved were then filed by the liquidating agent, who asserted that the bank had suffered a deductible loss of $81,147.32 for the taxable year 1918, $163,129.35 for the taxable year 1919, and $100,083.07 for the taxable year 1920; that such sums were not deducted as losses for the years specified in the original returns and were reported as "gross income"; that those items consisted of loans made by the bank to borrowers, and were evidenced by promissory notes executed by the borrowers; that in some instances interest was included; that the notes were not paid to the bank; that certain loans were made by the officers of the bank to themselves and others to secure which there was no adequate security; that overdrafts and loans allowed to those who were not able to repay the bank were nothing more than debts due upon express contracts, which the borrowers were bound to pay to the bank; that state and county taxes levied under Idaho state laws and paid by the bank during the years 1918, 1919, and 1920 on bank stock of stockholders were

assessed on the stockholders of the bank, and not upon the bank itself, and therefore were not allowable as deductions from the gross income of the bank.

By section 281 (b) and (e) of the Revenue Act of 1924, 26 USCA § 1065 (b) (e); Comp. St. § 6336⅙zz [8], (b) (e), except as provided in sections (c) and (e), 26 USCA § 1065 (c) (e); Comp. St. § 6336⅙zz [8], (c) (e), no refund is allowable after four years from the time the tax was paid, unless before the expiration of such four years a claim therefor is filed ·by the taxpayer; nor shall the amount of the credit or refund exceed the portion of the tax paid during the four years immediately preceding the filing of the claim, or, if no claim was filed, then during the four years immediately preceding the allowance of the credit or refund. By subdivision (e), if the taxpayer has, within five years from the time the return for the taxable year 1917 was due, filed a waiver of his right to have the taxes due for such taxable year determined and assessed within five years after the return was filed, or if he has, on or before June 15, 1924, filed such a waiver in, respect to the taxes due for the taxable year 1918, then such credit or refund relating to the taxes for the year in respect to which the waiver was filed shall be allowed or made, if the claim therefor is filed either on or before April 1, 1925, or within four years from the date the tax was paid. By section 1012 of the Revenue Act of 1924 (26 USCA § 157; Comp. St. § 5951), all claims for refund of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any sum alleged to have been excessive, or in any manner wrongfully collected, must, except as provided in section 281 of the act of 1924 (26 USCA § 1065; Comp. St. § 6336⅙zz [8]), be presented to the Commissioner of Internal Revenue within four years next after the payment of such tax, penalty, or sum. Under Revenue Act 1926, § 1113(a), 26 USCA § 156, no suit or proceeding shall be maintained in court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or any sum alleged to have been excessive or· in any manner wrongfully collected, "until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof." No such suit or proceeding shall be instituted before the expiration of six months from the date of filing such claim,

unless the Commissioner renders a decision thereon within that time, nor after the expiration of five years from the date of the payment of such tax or sum, unless such suit or proceeding is begun within two years after the disallowance of the part of such claim to which such suit or proceeding relates.

[1] Referring to the 1917 taxes, it was stipulated that about December 1, 1924, plaintiff filed a claim for refund for the income and profits taxes for that year, but that the Commissioner of Internal Revenue rejected the claim in full on or about January 14, 1926. No waiver for 1917 was filed. It is clear that under the circumstances the claim for refund for that year, not having been filed until November 29, 1924, or more than four years from the date of the payment of the tax by the bank, suit upon the claim is barred. McDonald Coal Co. v. Lewellyn (D. C.) 9 F.(2d) 994; Id. (C. C. A.) 16 F.(2d) 274.

[2] Plaintiff argues that the court erred in rejecting an offer of evidence which, he says, tended to show that a claim for refund for 1917 was filed in June, 1920. The offer consisted of correspondence relating to a claim, but failed to show that a claim was filed. Therefore it was immaterial and was properly rejected.

[3] We attach no significance to appellant's suggestion that the statute of limitation does not run, because the state of Idaho, by the commissioner of finance, is suing the United States "in its sovereign capacity as trustee to enforce a public right and to assert a public interest," etc. The commissioner of finance, as liquidating agent of the bank, has the same, but no greater, right to sue than the bank as a taxpayer would have. The case does not involve income of the state, nor of one of its instrumentalities.

It is urged that the evidence discloses that large sums were loaned without adequate security to, and that heavy overdrafts were permitted to be made by, the officers and directors of the bank during 1917, 1918, and 1919, and that all such loans and overdrafts that were not paid, and the uncollected interest thereon, were losses to the bank, and were therefore deductible.

[4, 5] Section 234 (a) provides that in the case of a corporation there shall be allowed as deductions (4) losses sustained during the taxable year and not compensated for by insurance or otherwise; (5) debts ascertained to be worthless and charged off within the taxable year. 40 St. 1057 (Comp. St. § 6336⅛pp [a]). Losses, generally speaking,

may include debts; but in the statute quoted, by the enumeration separately of losses and debts, Congress made a distinction which must be recognized. As simple illustrations of a loss occurring during the taxable year, we might cite destruction of property by fire, where the property destroyed is not covered by insurance, or the theft of funds of a bank during a taxable year without insurance against such a loss. But an interest-bearing note for an amount loaned by the bank, or an overdraft by a depositor, but not paid, and found to be worthless and charged off during the taxable year, is a worthless debt.

In Lewellyn v. Electric Reduction Co., 275 U. S. 243, 48 S. Ct. 63, 72 L. Ed. ——, the court assumed that the above-quoted subdivisions (4 and 5) of the statute are mutually exclusive, and that a loss under one may not be deducted under the other. United States v. Klausner et al., 25 F.(2d) 608 (C. C. A. 2) Apr. 9, 1928. And in the present case the items which made up the amounts reported in the returns as gross income were found by the District Court to consist of loans made by the bank to borrowers during the years 1918, 1919, and 1920. They were evidenced by promissory notes executed by the borrowers, and at maturity, in some instances where the committee thought security was ample, interest accumulated on the prior note was added to the renewal note. The notes were not paid; nor were they charged off during the years 1918, 1919, and 1920. Royal Packing Co. v. Commissioner (C. C. A.) 22 F.(2d) 536; Avery v. Commissioner (C. C. A.) 22 F.(2d) 6.

We agree with the District Court that the losses involved in the present case were really but sums of money due upon express contracts under which the borrowers were obligated to pay, and as such are within the provisions of section 234 (a) of the act of 1918. The testimony of the former cashier of the bank was that there was an examining committee, which met quarterly and went over the various loans, and approved them; that he was a member of the committee, and that in approving the loans he believed the borrowers would be able to pay. In 1920 he questioned whether the loans could be collected, but it was not until after 1920 that it was determined that they could not be collected. In explaining the matter of interest, the witness said that, where the interest was added to the renewal notes during 1918, 1919, and 1920, and the income tax was paid for any one year, the interest would be credited to the earnings of the bank, and the tax was paid on that particular amount;

that the income and profit returns for 1918, 1919, and 1920 were made out in a way to show the true earnings of the bank, as shown by the books; that the records of the bank were correct; that the bank paid dividends during 1918 and 1919, and one dividend during 1920; and that, if conditions had improved, the bank could have realized on practically all of the accounts. The conduct of the bank officials may have been reprehensible, and in failing to charge off certain overdue and unsecured loans they may have violated the banking laws of the state of Idaho; but the testimony sustains the finding that in negotiating such loans the officials of the bank acted without fraudulent purpose to injure the bank, or to appropriate the sums to their own use to the detriment of the bank.

[6] It was also found that during the three years mentioned the bank paid certain amounts upon bank stock taxes for which it was not reimbursed by the stockholders, and which were not included in the returns of the bank as deductions, nor in its claims for refunds for the years specified. Our conclusion is that the bank had no right to make a deduction from the gross income of the amount of such taxes. Pretermitting the point that the plaintiff below made no claim for deduction of bank stock taxes, and thus failed to comply with the statutory requirements (Tucker v. Alexander [C. C. A.] 15 F.[2d] 356), we are nevertheless of the opinion that the contention lacks legal merit. Those taxes were levied under the Idaho law, which provides (sections 3299, 3302 and 3303, Comp. St. Idaho 1919) that the stockholders of every bank association must be assessed and taxed in the county where the bank is located in the value of their shares of stock in the bank, and that the bank must furnish to the assessor a full and correct list of the names of its stockholders, and that the tax must be assessed against the holders whose names appear on the list, as personal property, and must be paid by the bank, but that the owners of such shares are liable for the tax paid by the bank. In Shainwald v. First National Bank of Weiser, 18 Idaho, 290, 109 P. 257, the court, in considering that statute, regarded the shares of stock as personal property of the shareholders, and said that, while the taxes against the shares must ultimately be paid by the owner of the stock, "still the statute makes the bank the agent of the stockholder and liable to the county for the tax so levied and assessed." The bank was held obligated to pay the tax assessed against the stock of its stockholders, and such liability

on the part of the bank carried with it an implied lien in favor of the bank against the stock and the earnings, dividends, and profits derived therefrom for reimbursement in the sum so paid, but that the bank as agent made the payments for the owners of the stock. It has also been held that, the amount of the bank tax under the law of Idaho not being upon the bank itself, the tax is not deductible from gross income by the bank. Eliot National Bank v. Gill (C. C. A.) 218 F. 600; First National Bank of Jackson, Miss., v. McNeel (C. C. A.) 238 F. 559.

Several assignments are based upon rulings on objections to certain evidence offered in behalf of the plaintiff below. They involve questions subordinate to those upon which we think the decision in the case must turn, and we cannot see that plaintiff was injured by the rulings in respect to the offers.

The judgment is affirmed.