**OXFORD BANK v. UNITED STATES.**
No. K–261.

Court of Claims.
Nov. 3, 1930.

Claude W. Dudley, of Washington, D. C., for plaintiff.

Lisle A. Smith, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, C. J., and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

Plaintiff brings this suit to recover $1,855.59, the amount of taxes alleged to be overpaid for the year 1920.

It appears that the plaintiff made a return of income and profits taxes for the year 1920 and paid, in five installments, taxes thereunder to the amount of $3,971.76; the last of such payments being made on April 13, 1922. On June 28, 1926, the plaintiff filed a claim for refund of $2,144.60 of the taxes so paid. The commissioner subsequently made a recomputation of the tax, and found that the plaintiff had overpaid it to the amount of $1,855.59 in the manner claimed in the application for refund, but subsequently denied the claim for refund on the ground that it had not been filed within four years after the payment of the tax. No question is raised but that the act of 1926 required the application for refund to be so filed, unless the taxpayer had executed a waiver of its right to have the taxes due for the taxable year 1920 determined and assessed within five years after the return was filed. This waiver, by section 284(g) of the Revenue Act of 1926 (26 USCA § 1065(g), was required to be filed on or before June 15, 1926. The defendant claims that plaintiff is not entitled to recover because the waiver was not in fact filed on or before June 15, 1926, and this constitutes the whole issue in the case.

The evidence leaves no doubt that the waiver was not actually filed in the office of the Bureau of Internal Revenue until June 16, 1926, but the evidence shows that it was placed in the mail in time, in the ordinary course of the mails, to have reached that office on June 15; and plaintiff claims this is sufficient. The argument in support of this position is that the Commissioner of Internal Revenue had promulgated a regulation which made it sufficient if the waiver was mailed

in time, in the ordinary course of the mails, to reach the office of the Internal Revenue Bureau by the date fixed in the law. The provision relied on is article 447 of regulations 45. This regulation does not apply to the filing of waivers, but only to the filing of returns. A somewhat similar provision was made in article 1006 of regulations 62 with reference to the filing of an appeal from the commissioner's decision.

It may be that the commissioner had the authority, by regulation, to so qualify the strict requirements of law with reference to the time of filing waivers, but it is sufficient answer to say that he did not, and we have no authority to do anything else but apply the law as it stands.

The plaintiff had four years in which to file its claim for refund. By the act of 1926, however, which became a law on February 26 of that year, the plaintiff was given until June 15, 1926, to file a waiver of the respective taxes due for the taxable year 1920, and in event it did so it was sufficient if the claim for refund was filed on or before April 1, 1927. Plaintiff was thus given an extension and should have complied with the terms thereof, but it did not.

There was much reason for the commissioner to promulgate the regulation which was made with reference to the filing of returns. The making of a return is often a difficult matter and seldom a very easy one. Unforeseen matters may cause a delay in rendering it and make the delay more excusable than it would be with reference to filing a waiver, which is an extremely simple matter. Moreover, the commissioner was given authority by statute to extend the time for filing returns, so that there would seem to be no question about his having authority to make a regulation which might extend the time.

Our decision is supported by the opinion of the court in McDonald Coal Co. v. Lewellyn (D. C.) 9 F.(2d) 994, 995, wherein it was said that if the taxpayer chose to trust the mails, rather than make delivery to the commissioner in person, it was at his own risk. See also Lewis-Hall Iron Works v. Blair, 57 App. D. C. 364, 23 F.(2d) 972, and Appeal of Sam Satovsky, 1 B. T. A. 22. It is a matter of common knowledge that in the vast amount of mail handled by the government some of it will be delayed for a day or two or more, and such delays often occur. Plaintiff had no right to assume that the waiver would be carried and delivered with the utmost diligence and dispatch. In so doing it did not exercise reasonable care to make sure that the delivery would be in time.

It follows from what has been stated that the petition of plaintiff must be dismissed, and it is so ordered.