**HARTFORD–CONNECTICUT TRUST CO. v. UNITED STATES.**

No. K–23.

Court of Claims.

May 2, 1932.

494

Robert L. Halloran, of Hartford, Conn.
(Benedict M. Holden, of Hartford, Conn., on
the brief), for plaintiff.

Charles R. Pollard, of Washington, D.
C., and Charles B. Rugg, Asst. Atty. Gen.
(Lester L. Gibson and Herman J. Galloway,
both of Washington, D. C., on the brief), for
the United States.

Before BOOTH, Chief Justice, and
GREEN, LITTLETON, WILLIAMS, and
WHALEY, Judges.

WILLIAMS, Judge.

The plaintiff, a Connecticut corporation, engaged in the banking business at Hartford, Conn., is the successor company growing out of a consolidation of the Hartford Trust Company and the Connecticut Trust & Safe Deposit Company.

This suit is brought to recover the sum of $41,914.39, with interest, as overpayments of income taxes for the years 1919 and 1920.

Additional taxes were assessed against the plaintiff and paid in 1924, for the years 1919 and 1920. These additional taxes were refunded to the plaintiff in October, 1927, and are not involved in this suit.

It is conceded by the defendant that the plaintiff overpaid its taxes for the years 1919 and 1920 in the amount claimed, to wit, $9,473.08 for the year 1919 and $32,441.31 for the year 1920, and that the plaintiff is entitled to recover the amount of the overpayment if it has filed timely claims for the refund of the taxes.

The applicable statute having to do with the refunding and crediting of an overpayment of taxes for the years 1919 and 1920 is set out in the margin.[1]

The claims for refund relied upon by plaintiff were filed March 15, 1927, which was after the expiration of the statute of limitations for the filing of claims for refund for the years 1919 and 1920, unless waivers had been filed within the requirements of the statute. The plaintiff claims such waivers were filed on September 8, 1925, or that in case it be held such waivers had not been filed, the plaintiff's letter of January 13, 1925, in answer to the commissioner's communication of January 12, constituted a sufficient waiver, and that it was so accepted and acted upon by both the plaintiff and the Commissioner of Internal Revenue.

The petition alleges that the plaintiff prepared and executed waivers as prescribed by law on September 8, 1925, and mailed them to the Commissioner of Internal Revenue, but that they were subsequently lost or mislaid or handled in such a careless and negligent manner that they are not now on file. The proof shows, and we have found, that the plaintiff's vice president, on September 8, 1925, executed waivers for the years 1919, 1920, and 1921; that these waivers were handed by plaintiff's vice president to his secretary, who on the following day delivered them to the secretary of the collector of internal revenue at the collector's office in Hartford. The record does not show what became of them after their delivery to the collector's secretary. A most diligent search of the records and files of the office of the Commissioner of Internal Revenue failed to locate them, and there is no evidence in the record to show that they were at any time delivered to the commissioner or filed in his office.

The nature and history of the legislation first enacted in March, 1924, extending the time for making a claim for refund upon the filing of a waiver for certain years, show that the waiver was to be filed in the office

[1] Revenue Act of 1926, § 284 (44 Stat. 66 [26 USCA § 1065]):

"(a) Where there has been an overpayment of any income, war-profits, or excess-profits tax imposed by this Act * * * the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, the Revenue Act of 1921, or the Revenue Act of 1924, or any such Act as amended, the amount of such overpayment shall, except as provided in subdivision (d), be credited against any income, war-profits, or excess-profits tax or installment thereof then due from the taxpayer, and any balance of such excess shall be refunded immediately to the taxpayer.

"(b) Except as provided in subdivisions (c), (d), (e), and (g) of this section—

"(1) No such credit or refund shall be allowed or made after three years from the time the tax was paid, in the case of a tax imposed by this Act * * * nor after four years from the time the tax was paid in the case of a tax imposed by any prior Act, unless before the expiration of such period a claim therefor is filed by the taxpayer; and * * *

"(g) If the taxpayer has, within five years from the time the return for the taxable year 1917 was due, filed a waiver of his right to have the taxes due for such taxable year determined and assessed within five years after the return was filed, or if he has, on or before June 15, 1924, filed such a waiver in respect of the taxes due for the taxable year 1918, then such credit or refund relating to the taxes for the year in respect of which the waiver was filed shall be allowed or made if claim therefor is filed either on or before April 1, 1925, or within four years from the time the tax was paid. If the taxpayer has, on or before June 15, 1925, filed such a waiver in respect of the taxes due, for the taxable year 1919, then such credit or refund relating to the taxes for the taxable year 1919 shall be allowed or made if claim therefor is filed either on or before April 1, 1926, or within four years from the time the tax was paid. If the taxpayer has, on or before June 15, 1926, filed such a waiver in respect of the taxes due for the taxable year 1920 or 1921, then such credit or refund relating to the taxes for the taxable year 1920 or 1921 shall be allowed or made if claim therefor is filed either on or before April 1, 1927, or within four years from the time the tax was paid. If any such waiver so filed has, before the expiration of the period thereof, been extended either by the filing of a new waiver or by the extension of the original waiver, then such credit or refund relating to the taxes for the year, in respect of which the waiver was filed shall be allowed or made if claim therefor is filed either (1) within four years from the time the tax was paid, or (2) on or before April 1, 1926, in the case of credits or refunds relating to the taxes for the taxable years 1917 and 1918, or on or before April 1, 1927, in the case of credits or refunds relating to the taxes for the taxable year 1919, or on or before April 1, 1928, in the case of credits or refunds relating to the taxes for the taxable years 1920 and 1921. This subdivision shall not authorize a credit or refund prohibited by the provisions of subdivision (d)."

of the Commissioner of Internal Revenue. It had long been the practice of the commissioner to consent in writing for the waiving by the taxpayer of a statute of limitation as to the time within which the commissioner could make assessment of tax against the taxpayer. No one except the Commissioner of Internal Revenue is authorized to enter into these consents. Under the established practice they were required to be filed in the commissioner's office. The waiver referred to in the statute, the filing of which by the taxpayer operates to extend the time for making a claim for refund for certain years, is the same document which upon becoming effective, operates to extend the statute of limitation within which the commissioner may make an assessment of tax. The provision for an extension of time within which to make a claim for refund upon the filing of a waiver was first contained in the Act of March 4, 1923, 42 Stat. 1504, amending section 252 (a) of the Revenue Act of 1921. This statute related only to the taxable year 1917.

The report of the finance committee of the Senate on February 12, 1923, No. 1137, 67th Congress, 4th Session, shows that it was the purpose of the act to have the waiver filed with the Bureau of Internal Revenue, which is the office of the Commissioner of Internal Revenue.

The act of March 13, 1924, 43 Stat. 22 further amended section 252 of the Revenue Act of 1921 to include the taxable year 1918. See, also, section 281 (e) of the Revenue Act of 1924 (26 USCA § 1065 note).

Section 284 (g) of the Revenue Act of 1926 (26 USCA § 1065 (g), contained a similar provision with reference to the taxable years 1919 and 1921, inclusive.

█ Collectors of internal revenue have no duty to perform with reference to waivers and they are not authorized by the statute or regulations to receive and file waivers for the commissioner. The delivery of a waiver to the office of a collector of internal revenue is therefore not a filing of the waiver within the meaning of the statute under consideration. If a taxpayer delivers a waiver to a collector of internal revenue or other local internal-revenue officer, he makes such officer his agent, and unless it is established as a fact that the waiver was received and filed in the office of the commissioner within the time specified in the statute, the execution and delivery thereof by the taxpayer to some one outside the office of the Commissioner of Internal Revenue are ineffectual to extend the time for making a claim for refund. McDonald Coal Co. v. Lewellyn (D. C.) 9 F.(2d) 994; Oxford Bank v. United States, 44 F. (2d) 253, 71 Ct. Cl. 157; Mutual Lumber Co. v. Poe, Collector (C. C. A.) 44 F.(2d) 922. The record in this case shows that in all the letters from the commissioner to the taxpayer in which waivers were mentioned the taxpayer was requested by the commissioner to execute the waivers and return them to his office. The facts in this case fail to show that the waivers relied on by the plaintiff were filed in the office of the Commissioner of Internal Revenue.

█ We now come to the plaintiff's contention that its letter to the commissioner of January 13, 1925, considered in connection with the other facts and circumstances shown, constituted a valid waiver, and was so treated and acted upon by the commissioner.

On December 9, 1924, plaintiff executed a waiver covering the year 1919, which it filed with the Commissioner of Internal Revenue, extending the period of assessment for one year after the expiration of the statutory period or until May 14, 1926. On January 12, 1925, the commissioner notified the plaintiff that as a result of an examination there was disclosed a deficiency in tax for the year 1919, amounting to $7,921.50. The letter from the commissioner contained the statement: "However, the statutory period within which the commissioner may assess additional taxes for the year 1919 will expire presently, and in order to avoid the necessity of making an assessment prior to such consideration, it is requested that you sign and return to this office the enclosed form of waiver."

The plaintiff replied to this communication under date of January 13, 1925, saying:

"We are in receipt of letter dated January 12, 1925. * * * You also state that if we consent to the extension of time for examination by your department that we should sign and return the inclosed waiver. We note that there is no form of waiver accompanying the letter, but in a similar letter received from your department dated November 22, 1924, there was a form of waiver which was duly signed and returned to your department on December 9, 1924, agreeing to the extension of time. Therefore, we do not understand why we should receive a second letter.

"If possible, will you kindly inform us if there is anything else that you wish us to do in relation to the matter."

Plaintiff contends that this letter, in that it stated that it had already signed and returned to the commissioner a waiver on December 9, 1924, and did not understand why it should receive a second letter, but expressed a willingness to do anything else required, meets the requirements of the statute and constitutes a valid waiver. It is urged that the action of the commissioner in recomputing the plaintiff's tax liability for the years 1919 and 1920, on the basis of the amended returns filed March 15, 1927, indicates that he treated the letter of January 13, 1925, as a sufficient waiver to justify such action, as otherwise a redetermination of plaintiff's taxes for those years was barred by the statute of limitations at the time the amended returns were filed.

Manifestly the letter of January 13, 1925, cannot be a waiver for the year 1920, as the commissioner's letter of January 12, 1925, in response to which it was written, related only to a proposed deficiency in tax for the year 1919. Consequently, in no event can the letter relied upon by plaintiff be considered as constituting a waiver for any year other than the year 1919. However, we do not think the letter was in any sense a waiver, even for the year 1919. The plaintiff had already, on December 9, 1924, filed a waiver for that year in which the commissioner was given until May 14, 1926, to make additional assessments, and there was no occasion at the time the deficiency assessment was proposed, January 12, 1925, that an additional waiver be filed in order to insure the assessment of the deficiency, as the commissioner then had a year and three months in which to make such assessment. The letter cannot be construed as a new waiver for the year 1919, or an extension of the waiver then in force.

In respect to the plaintiff's contention that the Commissioner of Internal Revenue would not have accepted plaintiff's amended returns for the years 1919 and 1920, and directed a field agent of the bureau to make an investigation of the plaintiff's tax liability for those years, unless he considered valid waivers to be on file at that time, it is only necessary to point out that when plaintiff, on March 15, 1927, filed amended returns for the years 1919 and 1920, it also filed amended returns for the years 1921, 1922, and 1923, and that the special agent's investigation and report covered all of those years; that the investigation and report developed an overpayment of taxes for both 1919 and 1920, in addition to the overpayments involved in this suit, which were not barred by the statute of limitations and were refunded to the plaintiff. This fact explains, and fully justifies, the action of the commissioner in accepting plaintiff's amended returns for the years 1919 and 1920, and in directing a re-examination of plaintiff's tax liability for those years, although at the time it was apparent that a refund of a part of the taxes was barred by the statute of limitations.

Under the provisions of section 284 (b) (1), (g) of the Revenue Act of 1926 (26 USCA § 1065 (b) (1), (g), the Commissioner of Internal Revenue was without authority to make a refund of the overpayments involved in suit, as the claims for refund, dated March 15, 1927, were filed after the expiration of the statutory period in which claims for refund for the years 1919 and 1920 might be filed.

Section 3226 of the Revised Statutes (26 USCA § 156), which provides that no suit or proceeding shall be maintained in any court for the recovery of any internal-revenue tax alleged to have been erroneously assessed or collected until a claim for refund has been duly filed with the Commissioner of Internal Revenue according to the provisions of the law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof, bars the plaintiff's right to maintain this suit.

The petition, therefore, must be dismissed. It is so ordered.