**MOORE, Collector of Internal Revenue, v. CLEVELAND RY. CO.**

No. 8022.

Circuit Court of Appeals, Sixth Circuit.

Jan. 11, 1940.

Paul R. Russell, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., and Sewall Key, J. Louis Monarch, and Paul R. Russell, Sp. Assts. to Atty. Gen., on the brief), for appellant.

Paul L. Holden, of Cleveland, Ohio (Squire, Sanders & Dempsey, of Cleveland, Ohio, on the brief), for appellee.

Before SIMONS, ALLEN, and ARANT, Circuit Judges.

SIMONS, Circuit Judge.

Involved in this appeal is the question of interest upon deficiencies in income taxes collected under the authority of § 292, Revenue Act of 1928, 26 U.S.C.A. § 292 notwithstanding a waiver of restrictions permitted by § 272(d), 26 U.S.C.A. § 272(d). The taxpayer paid the full amount of the deficiencies assessed for the years 1922, 1924, 1925 and 1927, including

interest from the due date of the taxes to the date of payment. Following denial of a timely application for refund, it brought suit for refund in the District Court. Upon trial, a jury having been waived in writing, the taxpayer had judgment for all interest paid for the period subsequent to the 30th day following the delivery of its waiver to the Revenue Agent. The Collector appeals.

The questions submitted to us are two. The first is whether restrictions upon the Commissioner's assessment and collection of deficiencies provided by § 272(a) of the Act, 26 U.S.C.A. § 272 note, may effectively be waived by the taxpayer in advance of the Commissioner's determination of its liability, and the second is whether the delivery of a waiver to a Revenue Agent is a filing thereof with the Commissioner.

In June, 1930, an Internal Revenue Agent audited the taxpayer's returns for the years 1922 to 1928, inclusive, and submitted to it a report which proposed deficiencies in certain years and overassessments in others, the total of the deficiencies being approximately $329,000, and the overassessments approximately $174,000. The taxpayer was satisfied with the audit and desired to settle the deficiencies so as to stop accumulation of interest. It was advised to execute a waiver form 874, which the agent had ready for signature, and did so on June 11, 1930. On June 26 the Revenue Agent's report and the waiver were transmitted by the Internal Revenue Agent in charge, to the Commissioner, by whom they were received on June 30.

By form 874 the taxpayer waived the right to file a petition with the United States Board of Tax Appeals, consented to the assessment and collection of a deficiency for the years 1922, 1924, 1925 and 1927, aggregating $329,000, and accepted as correct the overassessment indicated for the years 1926 and 1928 by the Internal Revenue Agent in charge at Cleveland. There was notation upon the waiver that it did not extend the Statute of Limitations for the refund or assessment of the tax, and was not an agreement as provided by § 1106 of the Revenue Act of 1926, 44 Stat. 113, but that its execution and filing at the Revenue Agent's office at Cleveland, would expedite the adjustment of income tax liability.

The Commissioner, notwithstanding the taxpayer's approval of the audit, and its consent to the assessment and collection of the deficiencies, advised the taxpayer by letter of October 14, 1930, that he had increased the deficiencies to $547,000 and reduced the overassessments to $44,000. With this letter was sent a new form of waiver which the taxpayer did not execute. On December 19, 1930, the Commissioner issued a 60 day letter notifying the taxpayer that deficiencies and overassessments had been determined as outlined in the letter of October 14, and again enclosing a waiver form which the taxpayer likewise failed to execute. Subsequently, the taxpayer filed its petition with the United States Board of Tax Appeals to review the determination by the Commissioner of increased deficiencies, and seeking adjustment of its tax liability as found by the audit of the Revenue Agent, to which it had consented. Subsequently, conferences between the taxpayer and the Commissioner resulted in the latter abandoning his claim of increased deficiencies, a reduction of the deficiencies reported by the Revenue Agent, and a stipulation adopted by the Board as its final order setting forth the taxpayer's tax liability for the years involved at approximately $250,000. Deficiencies in this sum were assessed by the Commissioner in 1936 with interest from the due date of the tax for each year to February 28, and the total was collected on March 17, 1936.

To collect deficiencies under the terms of § 272(a) of the Revenue Act of 1928, involves the sending of a notice to the taxpayer who may, within 60 days after its mailing, file a petition with the Board of Tax Appeals for a redetermination. Meanwhile, no assessment, distraint or proceeding in court for collection may be made, begun or prosecuted until the expiration of the 60 day period, or, if a petition has been filed with the Board, until the decision of the Board has become final.

Section 272(d) of the Act permits the taxpayer to waive the restrictions imposed by § 272(a), and reads: "Waiver of restrictions. The taxpayer shall *at any time* have the right, by a signed notice in writing filed with the Commissioner, to waive the restrictions provided in subsection (a) of this section on the assessment and collection of the whole or any part of the deficiency."

The computation and collection of interest upon deficiencies is governed by § 292 of the Act, which reads: "Interest upon the amount determined as a deficiency shall be assessed at the same time

as the deficiency, shall be paid upon notice and demand from the collector, and shall be collected as a part of the tax, at the rate of 6 per centum per annum from the date prescribed for the payment of the tax * * * to the date the deficiency is assessed, or, in the case of a waiver under section 272(d), to the thirtieth day after the filing of such waiver or to the date the deficiency is assessed whichever is the earlier."

In the interpretation and application of the foregoing sections, the Collector contends that there can be no effective waiver to stop the running of interest upon a tax liability until the deficiency is determined by the Commissioner; that a waiver taken by the Revenue Agent upon deficiencies proposed by him is merely a tender by the taxpayer conditioned upon the acceptance of the Agent's audit by the Commissioner; that in any event the taxpayer, by filing its petition to the Board of Tax Appeals, rescinded its waiver, which was thereafter of no avail to it in stopping the running of interest. This view was apparently accepted by the Circuit Court of Appeals for the Ninth Circuit in Mutual Lumber Company v. Poe, 66 F.2d 904, certiorari denied 290 U.S. 706, 54 S.Ct. 373, 78 L.Ed. 606, although the question there decided related to the running of the Statute of Limitations. The decision was on the ground that since there can be no review of a deficiency by the Board of Tax Appeals until there has been a determination by the Commissioner, there can be no effective waiver until such determination, and the provisional report of the Revenue Agent cannot be made the basis of an appeal. A purported waiver filed with the Commissioner before the latter had found deficiency, was premature, and powerless to prevent the Commissioner's resort to a deficiency letter by which alone the running of the Statute is suspended. This case was followed and approved by the same court in McCarthy Co. v. Commissioner, 9 Cir., 80 F.2d 618, and in East Bay Water Co. v. McLaughlin, D.C., 24 F.Supp. 222, District Judge Lindley was compelled to apply the rule of the Circuit while sitting by designation as District Judge in the Northern District of California in 1938.

■ The view now urged upon us, in our judgment, takes no account of the phrasing of the Statute, the manifest purpose of § 272(d), its history, or adminis-trative practice. A deficiency is defined by § 271(a), 26 U.S.C.A. § 271(a), as "the amount by which the tax imposed by this title [chapter] exceeds the amount shown as the tax by the taxpayer upon his return * * *." It would seem, therefore, that whenever the taxpayer has failed to make adequate return of income, there is a deficiency, notwithstanding lack of determination by the Commissioner or his agents. True, it is, that before there has been ascertainment, a waiver is too indefinite to avail the taxpayer as a bar to interest, or the Commissioner in collection. Once the deficiency has been ascertained, however, even though but tentatively, and there is waiver with respect to the amount so ascertained, no reason appears why to that extent the waiver is not valid so as to permit assessment and collection to go forward with dispatch. The restrictions waived are in the taxpayer's interest and, if satisfied with the preliminary determination, he may make an earlier settlement of his liability so as to avoid further interest. This seems to be the clear meaning of § 272(d) which recites that "the taxpayer shall at any time have the right," etc. If by that section the Congress intended to grant the right to waive only after final determination, it would have been very easy for the Congress to have said so. While it is true that there may be no appeal from a determination until it is final, this is not the only restriction provided by § 272(a). The waiver releases the Commissioner from obligation to wait 60 days after the mailing of the deficiency notice before making assessment or collection, issuing a warrant of distraint or beginning suit for the collection of the tax.

■ The purpose of § 272(d) is obviously to permit the taxpayer to settle his tax liability and the government to get its money without delay where no controversy remains between the taxpayer and the Commissioner. In such cases the section offers a substantial inducement to the taxpayer to execute the waiver. If a waiver is of no avail until after final determination, there is little or no inducement to waive. It may be that in cases a small amount of interest might be saved if the Commissioner delayed more than 30 days in making the assessment, but this is of little consequence, since after final determination there is no occasion for delay. The final audit having been made, assessment and notice are but

660

routine ministerial acts requiring no time for study or deliberation.

■ The history of the waiver provision supports this view. Prior to the 1924 Act the Commissioner could make an immediate assessment whenever he discovered a deficiency § 250(b), 1921 Act, 42 Stat. 264. The taxpayer could file a claim of abatement within a limited time, but if he failed to do so, the deficiency assessment was certified to the Collector and collection was made. While a claim of abatement was pending the Commissioner was not precluded from proceeding with collection unless the taxpayer furnished bond. The Revenue Act of 1924, 43 Stat. 253, however, granted the taxpayer a right to appeal from the Commissioner's determination to the Board of Tax Appeals, and during the time for seeking review, and thereafter, until the decision of the Board became final, the Commissioner was precluded from making assessment or collecting the tax. It was recognized, however, that in case of deficiencies which the taxpayer had no desire to review, delay in assessment and collection worked a hardship upon both government and taxpayer, and so by § 274(d) and § 274(j) of the Revenue Act of 1926, 44 Stat. 55, forerunners of the sections here involved, the taxpayer was permitted to waive the restrictions upon immediate assessment and collection, and to stop the running of interest from the 30th day after the filing of the waiver, or the date of the assessment, whichever was earlier. This did not compel the Commissioner immediately to assess and collect the deficiency. He was free at his convenience to review the audits made in the field, but to the extent that the deficiencies were there ascertained, there is no question that the waiver stopped the running of interest upon the 30th day after its filing. This is supported by administrative practice of long standing in the Bureau, in pursuance of which taxpayers were requested by field investigators to sign waivers and provided with forms for that purpose. In the great majority of cases, assessments were made within 30 days after the waivers were procured, making collection of deficiencies more nearly concurrent with their discovery than would have been the case if formal notices were required to be given.

This not only appears from the evidence in the case, but from the report of the subcommittee of the House Committee on Ways and Means relative to proposed taxation, dated January 14, 1938. This report, while stating the view of the committee that the language of the Statute was sufficiently clear to support current administrative practice, nevertheless, as a result of the decisions in the 9th Circuit, and the denial of certiorari thereto by the Supreme Court, recommended an amendment, "to insure the validity of waivers given before the mailing of the deficiency letter providing that the taxpayer shall have the right, at any time after a deficiency is proposed in any manner that the Commissioner may direct, whether before or after sending of the notice of deficiency, as provided in subsection (a), to waive by a signed notice in writing, any and all restrictions or conditions however imposed on the immediate assessment and collection of the whole or any part of the deficiency so proposed." The committee added this comment: "It is believed that the proposed amendment will furnish a clear and unquestionable statutory basis for a long established and satisfactorily functioning departmental procedure. It will be conducive to the early settlement of controverted issues without necessity for litigation, while at the same time retaining for the taxpayer his present privilege of paying deficiencies under appeal and thereby terminating the running of deficiency interest."

■ It is true that no such amendment has yet been adopted by the Congress. The report from which we quote, however, was made on January 14, 1938, and the grave concerns, domestic and international, which since that date have engrossed the Congress, and of which we take judicial notice, permit no adverse inference to be drawn from such failure, as appears to have been drawn in East Bay Water Co. v. McLaughlin, supra.

■ The second question in the case may be briefly answered. Section 292 provides that interest upon a deficiency shall be assessed at the same time as the deficiency, and collected as part of the tax "to the thirtieth day after the filing of such waiver or to the date the deficiency is assessed whichever is the earlier." The waiver here involved was delivered to the Revenue Agent in the field on June 11, 1930. It was not received by the Commissioner until June 30, 1930. The judgment below is for all interest collected upon the deficiency from the 30th day after

June 11. The contention of the appellant is that the judgment is erroneous since interest is by the Statute collectible until the 30th day after the filing of the waiver with the Commissioner, and delivery to the Revenue Agent is not such filing as is required by § 292. The contention is without merit. A Revenue Agent is a subordinate of the Commissioner and when he receives the waiver it is a receipt thereof by the Commissioner,—its subsequent transmission and actual filing being merely administrative detail. The receipt of the waiver involves no exercise of judgment or discretion confided by the Statute to the Commissioner. If we were to carry the literalness now urged to its logical extreme, there could be no effective filing of the waiver except with the Commissioner himself. This may not accord with the view of the Court of Claims in Hartford-Connecticut Trust Co. v. United States, 58 F.2d 493. That case, however, did not involve a waiver under § 272(d), but a waiver of the Statute of Limitations filed with the local collector. The court thought that the taxpayer, in filing the waiver with the collector, made the collector its agent to file it with the Commissioner. The case is, we think, distinguishable but if not we decline to follow it.

The judgment below is affirmed.