**UNITED STATES of America,**
**Appellant,**

v.

**Sydelle PRICE, Appellee.**

**No. 15662.**

United States Court of Appeals
Ninth Circuit.

Jan. 2, 1959.

Charles K. Rice, Asst. Atty. Gen., Thomas N. Chambers, Lee A. Jackson, A. F. Prescott, George F. Lynch, Attys., Dept. of Justice, Washington, D. C., for appellant.

McLane & McLane, W. Lee McLane, Jr., Nola McLane, Phoenix, Ariz., for appellee.

Before STEPHENS, Chief Judge, and HEALY, POPE, FEE, CHAMBERS, BARNES, HAMLEY, HAMLIN, and JERTBERG, Circuit Judges.

HAMLEY, Circuit Judge.

The United States brought this action against Sydelle Price to collect an asserted unpaid balance of federal income taxes. One of Mrs. Price's defenses was that since no notice of deficiency had been issued the suit was prohibited by statute. The government contended that Mrs. Price had waived this requirement. It was her position, however, that this requirement may not be waived, and that her purported waiver was therefore ineffective for this purpose.

The trial court adopted defendant's view, and entered judgment dismissing the action. The government appeals. The only question here presented is whether the statutory requirement that the Commissioner of Internal Revenue mail a notice of deficiency to the taxpayer as a condition precedent to the

bringing of such an action had been effectively waived.

The facts to be considered in deciding this question are not in dispute and may be briefly stated. On August 10, 1946, Mrs. Price executed United States Treasury Form 870, which was received by the commissioner on August 18, 1949. In so far as here relevant, the form reads as follows:

"Sydelle Price

"Pursuant to the provisions of Section 272(d) of the Internal Revenue Code [26 U.S.C.A. § 272(d)], and/or the corresponding provisions of prior internal revenue laws, the restrictions provided in Section 272(a) of the Internal Revenue Code, and/or the corresponding provisions of prior internal revenue laws, are hereby waived and consent is given to the assessment and collection of the following deficiency or deficiencies in tax:

\*　　\*　　\*　　\*　　\*　　\*

"Taxable year ended December 31, 1946, income tax in the sum of........$9,965.48

\*　　\*　　\*　　\*　　\*　　\* "

On October 14, 1949, the commissioner assessed against Mrs. Price, for the taxable year 1946, the sum of $9,965.48 plus interest of $1,498.09, or a total of $11,463.57. On December 16, 1949, the commissioner issued to her a so-called "ninety-day letter" asserting deficiencies for 1946. The deficiencies referred to in this letter were for penalties under §§ 291(a) and 293(a) of the Internal Revenue Code of 1939, 26 U.S.C.A. §§ 291(a), 293(a), in the amounts of $2,491.37 and $498.27, respectively.[1] No deficiency in income tax for the taxable year of 1946 was asserted against the taxpayer in this letter, nor has any other notice of deficiency concerning that year been mailed to her.

On January 12, 1950, Mrs. Price paid to the commissioner the sum of $1,500 for the taxable year of 1946. Of the amount assessed for the year 1946, as noted above, there then remained unpaid the sum of $9,963.57. This suit was brought to recover that amount.

Section 272(a), quoted in the margin,[2] requires that a notice of tax deficiency be mailed to the taxpayer as a condition precedent to the bringing of such a suit as this. Section 272(d) provides that the taxpayer may waive the restrictions provided in subsection (a).[3] The purported waiver which Mrs. Price signed and filed recites that it is made pursuant to § 272(d).

1. All statutory references in this opinion are to the Internal Revenue Code of 1939, unless otherwise indicated.

2. Section 272(a) as amended by the act of December 29, 1945, 59 Stat. 673, chap. 652, § 203, reads as follows:
   "[(a) (1) **Petition to The Tax Court of the United States.**] If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this chapter, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within ninety days after such notice is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the ninetieth day) the taxpayer may file a petition with The Tax Court \* \* \* for a redetermination of the deficiency. No assessment of a deficiency in respect of the tax imposed by this chapter and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such ninety-day period, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 3653(a) the making of such assessment or the beginning of such proceeding or distraint during the time such prohibition is in force may be enjoined by a proceeding in the proper court. \* \* \* "

3. Section 272(d) reads:
   "(d) Waiver of restrictions. The taxpayer shall at any time have the right, by a signed notice in writing filed with the Commissioner, to waive the restrictions provided in subsection (a) of this section on the assessment and collection of the whole or any part of the deficiency."

In Mutual Lumber Co. v. Poe, 9 Cir.; 66 F.2d 904, decided in 1933, this court held that a waiver prior to the mailing of a notice of deficiency is premature and invalid.[4] It was held in effect that the waiver contemplated by the statute amounts to a waiver of the right to petition the Tax Court for a redetermination, and since there can be no such petition until the taxpayer has received a notice of tax deficiency, there is nothing to waive until such a notice has been mailed.

The holding in Mutual was reaffirmed in McCarthy Co. v. Commissioner of Internal Revenue, 9 Cir., 80 F.2d 618, decided in 1935. It was also followed in East Bay Water Co. v. McLaughlin, D.C.N.D.Cal., 24 F.Supp. 222, decided in 1938.[5]

■ The purport of these decisions, in so far as the present case is concerned, is that a taxpayer may not waive the requirement that a notice of tax deficiency be mailed to him. They therefore appear to be dispositive of the present appeal.

The government contends, however, that the Mutual and McCarthy decisions are not controlling here because they were concerned with the timeliness of the assessment, not the right to sue without first mailing a notice of deficiency. In both Mutual and McCarthy the question presented was whether a waiver prior to any deficiency notice prevented a subsequent notice of deficiency from tolling the statute of limitations on the assessment and collection of taxes.

It is true that in these earlier cases the significance to be attached to a holding that the waiver was invalid was different than it is here. In Mutual and McCarthy it was to the advantage of the government to have the waivers declared invalid, while here the advantage of doing so lies in favor of the taxpayer. But the basic question is the same in all three cases—was the waiver valid when filed prior to the mailing of a notice of deficiency? If, as we held in Mutual and McCarthy, it was invalid and so rendered the subsequently filed notices effective in suspending the statute of limitations, it must likewise be invalid for any purpose. If invalid for any purpose, it did not relieve the commissioner from the statutory requirement of mailing a notice prior to commencing this suit.

The government further argues that the rule laid down in these earlier cases was repudiated in Monge v. Smyth, 9 Cir., 229 F.2d 361.

The taxpayer there sought to enjoin the collection of taxes and penalties. The government moved to dismiss the appeal on the ground that the court was without jurisdiction to entertain the action. The statute relied upon by the government was 26 U.S.C.A. § 3653(a), which provides:

"Except as provided in sections 272(a), 871(a) and 1012(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

The motion to dismiss was granted, and the taxpayer appealed. He sought to avoid the effect of 26 U.S.C.A. § 3653 (a) by bringing himself within the exception provided in § 272(a). Under that exception (see footnote 2), the making of an assessment or the beginning of a proceeding or distraint during the time the prohibition of § 272(a) is in force "may be enjoined by a proceeding in the proper court." The prohibition referred to forbids the commissioner from making an assessment of a deficiency, or beginning or prosecuting a distraint or proceeding in court for its collection, until a notice of deficiency has been mailed and until the expiration of ninety days thereafter, and, if a petition has been filed with the Tax Court,

4. This case involved the effect of a waiver under § 274(d) of the Revenue Act of 1926. That section, however, corresponds with § 272(d) of the 1939 code.

5. An appeal taken in that case was dismissed by stipulation, 9 Cir., 104 F.2d 1016.

until the decision of the Tax Court has become final.

Invoking these statutory provisions, the taxpayer contended that the prohibition of § 272(a) was in force, and the proceeding to collect the taxes could therefore be enjoined because no notice of deficiency had been issued. The court rejected this contention, holding that a waiver which the taxpayer had signed on U. S. Treasury Form 870 TS obviated the need for sending the formal notice.

If the waiver form signed in Monge is the legal equivalent of the waiver form signed in Mutual and McCarthy (and the instant case), the Monge case unquestionably announces a rule contrary to that stated in the earlier decisions. The taxpayer argues strenuously that the waiver forms are not equivalents. The government takes the opposite position.

We need not resolve this question, however, since careful analysis of the Monge opinion indicates that all that was said concerning the validity of the waiver is dictum. The court there stated, in the last paragraph of its opinion, that a deficiency notice had been sent to the taxpayer, and that the distraint proceedings sought to be enjoined had not been commenced until more than ninety days thereafter. This being so, the exception to 26 U.S.C.A. § 3653, on which the taxpayer relied, had no application, and dismissal of the taxpayer's suit for lack of jurisdiction was properly affirmed for that reason.

■ The prior decisions of this court cannot be overruled by dictum contained in a subsequent opinion. The rule announced in Mutual and McCarthy still stands.

The government asks us to re-examine that rule at this time. In this connection our attention is called to the language of the statutes in question, certain legislative history, and the decisions in other circuits adopting a contrary rule.[6]

■ We have reviewed the authorities mentioned, but have found nothing to convince us that we should now upset the long-standing rule of this circuit. It may also be noted that the desirability of achieving uniformity among the circuits is no longer an incentive for such an undertaking. Section 6213(d) of the 1954 Internal Revenue Code, 26 U.S.C.A. § 6213(d), effectuates an amendment of § 272(d) to provide expressly that a waiver may be effective "whether or not a notice of deficiency has been issued."

Affirmed.

---

6. Moore v. Cleveland Ry. Co., 6 Cir., 108 F.2d 656; Associated Mutuals v. Delaney, 1 Cir., 176 F.2d 179, 11 A.L.R. 2d 896.