UNITED STATES of America, Plaintiff,

v.

RUSHLIGHT AUTOMATIC SPRINKLER CO., Defendant.

Civ. No. 10084.

United States District Court
D. Oregon.

Nov. 4, 1959.

C. E. Luckey, U. S. Atty., Harold E. Patterson, Asst. U. S. Atty., Portland, Or., for plaintiff.

Denton G. Burdick, Jr., and Hutchinson, Schwab & Burdick, Portland, Or., for defendant.

KILKENNY, District Judge.

This cause is before the Court on the motion of each party for a summary judgment.

The facts are as follows:

Defendant, in April, 1956, filed with the plaintiff an application for a refund of $12,024.90 on a claimed overpayment of income taxes for the fiscal year ended October 31, 1953, due to a loss carryback arising in 1955, and carried back to 1953. In July, 1956, the District Director for Oregon approved defendant's application and the said sum was refunded. In 1956 the income received for said fiscal year by a joint venture, of which defendant was a member, became the subject of renegotiation. The Renegotiation Board, in September, 1956, determined that the joint venture had received excess profits. Defendant's share of the excess profits was determined at $22,250. On the basis of this determination, the District Director notified the Board that defendant was entitled to a credit of $8,560.71 under § 3806(b) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 3806(b). Defendant, in November, 1956, paid the plaintiff $13,689.29. Plaintiff allowed defendant $8,560.71 as a credit against its excess profits liability under the provisions of said section and the government accepted said sum of $13,690.29 as payment in full satisfaction of defendant's liability of $22,250 for excess profits. At the time of receiving this credit, defendant's adjusted income tax liability for the fiscal year ended October 31, 1953, was nothing. The plaintiff in computing the said credit failed to take into account the fact that defendant's application for refund of $12,024.90 had been granted, that this sum had already been paid, and that defendant's adjusted tax liability for the period in question had been reduced to nothing. Defendant was not entitled to said credit of $8,560.71 granted under the provisions of § 3806 (b).

The government instituted this action to recover said sum on the theory that it has a right, independent of statute, to maintain this action, or can maintain action under 26 U.S.C. § 3746(b), now § 7405(b), 26 U.S.C.A. § 7405(b).

The defendant has taken the position that the amount involved is a "deficiency" as the term is defined in § 271(a) of the Internal Revenue Code of 1939 and that § 272(a) (1) of the same Code, 26 U.S.C.A. §§ 271(a), 272(a) (1), precludes a proceeding in Court for the collection of a deficiency until after notice of the deficiency has been given to the taxpayer by registered mail and the taxpayer has had an opportunity to file a petition with the Tax Court of the United States. It is conceded that no notice of deficiency, as required by said section, was given to the defendant. The government concedes that it could have proceeded to collect the amount involved as a "deficiency" within the meaning of the Internal Revenue Code.

Defendant contends that under the decisions of Jamison v. Repetti, 9 Cir., 1956, 239 F.2d 901; Maxwell v. Campbell, 5 Cir., 1953, 205 F.2d 461; Granquist v. Hackleman, 9 Cir., 1959, 264 F.2d 9; and United States v. Price, 9 Cir., 1959, 263 F.2d 382, the plaintiff must proceed under § 272(a) (1) and that such remedy is exclusive. Those cases deal with essential tax problems, while here the indebtedness arises by reason of the renegotiation of a contract. Here, the action is for a credit which was erroneously allowed as an outgrowth of said renegotiation. The above cases are not controlling.

I am of the opinion that a credit allowed under the Renegotiation Act, 50 U.S.C.A.Appendix, § 1191, is the legal equivalent of a refund to a contractor-taxpayer and that the government may maintain this action. United States v. Failla, 3 Cir., 1955, 219 F.2d 212; United

States v. Wurts, 303 U.S. 414, 416, 58 S.Ct. 637, 82 L.Ed. 932; Title 26, § 7405(b), U.S.C.A.

The motion of the plaintiff for a summary judgment is allowed. Counsel shall prepare and serve an appropriate form of judgment.